## JOHN E. CASSIDY *vs.* GEORGE HART.

A recognizance taken under the Gen. Sts. *c.* 124, § 10, after the passage of the St. of 1861, *c.* 112, is not invalid by reason of being conditioned that the debtor will deliver himself up for examination, "giving notice of the time and place thereof in the manner provided by the 124th chapter of the General Statutes," without referring to the St. of 1861.

CONTRACT against the surety in a recognizance entered into March 25, 1869, under the Gen. Sts. *c.* 124, § 10, by a debtor arrested on execution, that he would deliver himself up for examination. Trial in the superior court, before *Rockwell,* J., and verdict for the plaintiff. The defendant alleged exceptions, the substance of which is stated in the opinion.

*T. S. Dame,* for the defendant.

*I. W. Richardson,* for the plaintiff.

MORTON, J. The only objection, urged by the defendant to the validity of the recognizance in this case, is, that the condition requires the debtor to give notice of the time and place of his examination " in the manner provided by the one hundred and twenty-fourth chapter of the General Statutes." He claims that by this condition a different duty was imposed upon him from that required by the laws in force when the recognizance was taken, and therefore that the recognizance is void as entered into under duress.

The thirteenth section of chapter 124 of the General Statutes provides that the notice shall be served ." by giving to the plaintiff or creditor, his agent or attorney, an attested copy thereof, or by leaving such copy at the last and usual place of abode of the plaintiff or creditor, his agent or attorney, allowing not less than one hour before the time appointed for the examination, and time for travel at the rate of not less than one day for every twenty-four miles' travel."

The St. of 1861, *c.* 112, provides that whenever the notice " shall be served by leaving a copy thereof at the last and usual place of abode of the plaintiff or creditor, his agent or attorney, not less than twenty-four hours shall be allowed before the time appointed for the examination." The statute of 1861 does not

affect the service of the notice when it is served personally upon the creditor, his agent or attorney. In the case at bar, the notice was served personally upon the plaintiff's attorney, who appeared at the time and place appointed for the examination. The service was according to law and gave the magistrate jurisdiction, and if the debtor had appeared and taken the oath for the relief of poor debtors, the creditor would have been bound by it. The recognizance was for the relief of the debtor, and was entered into by him voluntarily. He had the full advantage of it, and was discharged from arrest, although the magistrate may not have strictly followed all the directions of the statutes. The condition did not require of him more than he was by law bound to do. The direction as to giving notice is not essential to the validity of the recognizance. If it had been omitted altogether, it would not have avoided the recognizance. *Gilmore* v. *Edmunds*, 9 Allen, 379. The error in it, if any, was in favor of the debtor, and will not avoid the recognizance as given under duress, and thus defeat the rights of the creditor. *Whittier* v. *Way*, 6 Allen, 288. *Gilmore* v. *Edmunds*, 7 Allen, 360. *Exceptions overruled.*