### ALMIRA P. LEAVITT *vs.* SAMUEL J. LYONS & another.

Franklin.    Sept. 23. — Oct. 22, 1875.    AMES & DEVENS, JJ., absent.

On a petition under the Gen. Sts. c. 146, § 38, for review of a judgment for costs, it was ordered that a notice issue, and "also that upon filing a bond for the payment of the amount of the judgment for costs rendered in said case, if said judgment shall not be reversed, execution therefor be stayed until the determination hereof, such bond to be satisfactory to the clerk, and his approval indorsed thereon." A bond was given to the approval of the clerk, conditioned that if the petitioner for review "shall prosecute his said review to final judgment and satisfy such execution as may be issued against him on such review, then this bond shall be null and void." The writ of review was granted and duly prosecuted, and judgment was recovered against the petitioner for costs, which included the. costs of the original judgment. The petitioner failed to pay the execution issued thereon. *Held,* that the bond was in conformity to the statutes, and that the fact that it did not follow the terms of the order of the court did not render it invalid.

The word "defendant" in the Gen. Sts. c. 146, § 38, which provide that "after the rendition of judgment in a civil action, if the execution has not been satisfied, the court or justice, upon the petition of the defendant, may order a stay or supersedeas of it, if the petitioner gives to the adverse party security" for the prosecution of the review, refers to the party against whom the judgment sought to be reversed is rendered, and not to the defendant in the original action.

CONTRACT on a bond executed by Abner Woodward as principal, and Samuel J. Lyons as surety, on a petition for review of a judgment of the Superior Court, recovered by the present plaintiff at March term 1870, in an action against him by Woodward. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on an agreed statement of facts, the substance of which appears in the opinion.

*S. T. Field,* for the plaintiff.

*S. O. Lamb,* for the defendants.

ENDICOTT, J.    The plaintiff recovered a judgment for costs in an action brought in the Superior Court by Woodward, one of the defendants. After the rendition of the judgment, Woodward brought in this court a petition for review and also for a supersedeas. Upon this petition it was ordered that a notice issue, and " also that, upon filing a bond for the payment of the amount of the judgment for costs rendered in said case, if said judg ment shall not be reversed, execution therefor be stayed until the determination hereof, such bond to be satisfactory to the clerk,

and his approval indorsed thereon." Woodward thereupon, with the defendant Lyons as surety, executed a bond to the approval of the clerk, the condition of which was, that " if the said Woodward shall prosecute his said review to final judgment, and satisfy such execution as may be issued against him on such review, then this bond shall be null and void." The writ of review was granted and duly prosecuted, but the judgment was not reversed; and the plaintiff recovered a judgment in the Superior Court against Woodward for costs, which included the costs of the original judgment. Woodward having failed to pay the execution issued thereon, this action was brought upon the bond. The defendants rest their defence upon two grounds, relying upon the provisions of the Gen. Sts. *c.* 146, § 38 : first, that the condition of the bond is not in conformity to the order of the court, and that the bond is therefore void ; and second, that a stay or supersedeas of execution cannot be ordered under § 38, except on the petition of a defendant in the action sought to be reviewed.

1. It is true that the bond does not follow the terms of the order. The order is to file " a bond for the payment of the amount of the judgment for costs rendered in said case ; " the condition of the bond is to prosecute the " review to final judgment, and to satisfy such execution as may issue against him on such review." The bond, while it includes all that is named in the order, creates a larger liability than is contemplated by the order. But the bond is in strict conformity to § 38, and is the usual bond required under it. *Randall* v. *Bancroft,* 10 Allen, 346. It was given voluntarily by the defendants for the purpose of staying the execution against Woodward, and to enable him to review the judgment. The law required this plaintiff to accept it, and Woodward has had the full benefit of it. *Randall* v. *Bancroft,* 10 Allen, 346. *Morse* v. *Hodsdon,* 5 Mass. 314. *Cassidy* v. *Hart,* 104 Mass. 221. The bond being a perfectly legal bond, and such as might properly be required, does not fall within the cases cited by the defendants,* where the insertion, in the condition of a recognizance, of an obligation not warranted by law renders the recognizance void.

---

* *Commonwealth* v. *Kelly,* 9 Gray, 259. *Adams* v. *Brown,* 14 Gray, 579 *Newcomb* v. *Worster.* 7 Allen, 198. *Brown* v. *Kendall,* 8 Allen, 209.

The bond in this case being such as the plaintiff was entitled to have, and such as the defendant should have given and of which Woodward had received the benefit, it is not to be held invalid because the order failed to recite in full the condition it should contain.

2. The provision of § 38, upon which the defendants also rely, is, that "after the rendition of a judgment in a civil action, if the execution has not been satisfied, the court or justice, upon petition of the defendant, may order a stay or supersedeas." It is not contended that a plaintiff may not bring his petition and try anew his action on a writ of review, but that he cannot by the terms of this statute have a stay of proceedings. To say that "defendant" here means the defendant in the action sought to be reviewed, and thus in all cases to exclude a plaintiff on a petition for review from obtaining a stay of execution, would be to give a narrow and technical interpretation to the word, which it is evident, upon reference to the statutes and the course of legislation, was not intended.

The word "defendant" in this connection is used for the first time in the St. of 1856, c. 136, and is adopted in the Gen. Sts. c. 146, § 38, which embodies the provisions of the St. of 1856, and of the Rev. Sts. c. 99, § 22. The section in the Rev. Sts. is a reënactment of the St. of 1788, c. 11, § 5. The last named statute, in force until the passage of the Rev. Sts., was a general act relating to the granting of writs of review. The preamble to § 2 recites, that whereas, by reason of accident or mistake or some unforeseen cause, judgment may have been rendered on discontinuance, nonsuit and for other causes which are enumerated, to the hindrance of justice, it is enacted that the justices of this court may upon petition grant writs of review; and § 5 provides that the justices, on any petition preferred as aforesaid, may stay execution. By the reference to judgments rendered on discontinuance and nonsuit, it is evident that a stay of execution was intended as well when the petitioner was plaintiff as when he was defendant. The reënactment of this provision in the Rev. Sts. c. 99, § 22, effected no change in the law in this respect; and provided that a stay of execution might be ordered upon security given to pay what should appear due after final judgment, and upon such other terms as the court should think reasonable.

The St. of 1856, *c.* 136, made some change in regard to the security to be required on the stay of execution, and used the words " whenever the defendant shall petition for a stay," and this form of expression is followed in the Gen. Sts. *c.* 146, § 38. The provision in regard to stay of execution, as it now stands in § 38, differs materially from the provision of the Rev. Sts. *c.* 99, § 22. Security must be given that the petitioner will forthwith prosecute a review to final judgment, and satisfy such execution as may be issued against him on the review; and the statute does not confine the security to payment merely of what may be due on the final judgment in review, and omits the power to impose such other terms as the court may think reasonable, as provided in the Revised Statutes. The reasons for these changes are suggested in *Randall* v. *Bancroft*, 10 Allen, 347, cited above, and there is nothing to indicate that any other changes were intended. It is not to be presumed, merely from the use of the word " defendant " in that connection, that it was the intention to make so serious a change in the law as to exclude a plaintiff, against whom a judgment has been rendered, which he seeks to review, from the benefit of a stay of execution while prosecuting his petition. The word, as used in § 38, is clearly intended to refer to the person against whom the judgment sought to be reviewed is rendered, and who as petitioner asks for a stay of execution, and not to the defendant in the original action. There must therefore be judgment for the penal sum of the bond.

*Judgment for the plaintiff.*