*C. A. Welch*, for the defendant.
*E. F. Hodges*, for the plaintiff.

---

JAMES FOSTER & another *vs.* JOSEPH C. WIGHTMAN & another.

Suffolk.     March 20. — July 3, 1877.     LORD & SOULE, JJ., absent.

The grantee of a mortgagor of land cannot, because of fraud practised by the mortgagee upon the mortgagor in obtaining the mortgage, maintain a bill in equity against an assignee of the mortgagee to restrain a sale of the mortgaged premises under a power in the mortgage, without paying the entire debt secured by the mortgage, although the mortgage was assigned to the defendant as security for a less amount.

BILL IN EQUITY by James Foster and Mary Hersey against Joseph C. Wightman and William I. Goodrich to restrain the sale of a parcel of land under a power contained in a mortgage

from Hersey to Wightman, and assigned by him to Goodrich. The bill alleged in substance that Hersey, being the owner of the land, with her husband, made the mortgage to Wightman to secure the payment of a certain note made by them; that Wightman obtained the mortgage and note by fraud; that Wightman assigned the mortgage and note to Goodrich to secure certain indebtedness; that Hersey had conveyed all her interest in the premises to Foster; that Goodrich took possession of the land for the purpose of foreclosure, and had advertised it for sale; and prayed for an injunction, and that the plaintiffs might redeem on paying what was justly due to Goodrich.

It was agreed that Wightman obtained the note and mortgage by fraud, and that the bill be dismissed, without prejudice, as to him; that Goodrich took the assignment without notice of the fraud; that the debt due from Wightman to Goodrich was less than the amount of the mortgage, and that, if the mortgage was valid in his hands, for the full amount of the note, the plaintiffs did not care to redeem. Hearing upon the pleadings and proofs, before *Devens,* J., who ordered that the bill be dismissed with costs. The plaintiffs appealed.

*F. A. Brooks,* for the plaintiffs.

*J. Cutler,* for the defendant Goodrich.

MORTON, J. The plaintiffs having discontinued against the defendant Wightman, the case stands as if Foster had brought the bill against Goodrich alone to restrain him from foreclosing his mortgage by a sale under the power therein contained. The principles which control it are the same as if Goodrich had brought a writ of entry to foreclose his mortgage. This being so, the case is governed by *Fairfield* v. *McArthur,* 15 Gray, 526, in which it was held that a grantee of a mortgagor could not set up, in defence of a writ of entry to foreclose the mortgage, the fraud of the mortgagee, though the plaintiff, who was assignee of the mortgagee, took it with notice of the fraud. The deed of Mary Hersey to Foster did not pass any right of action which the mortgagors may have had against Wightman for deceit or fraud in procuring the mortgage. Such fraud being proved, they might elect to avoid the mortgage; but they may now bring an action against Wightman to recover damages for such deceit or fraud.

It follows that in this suit the plaintiff Foster can redeem only by paying the full amount due on the mortgage note. As he admits that he is unwilling to redeem by paying the note, the bill must be dismissed.                    *Decree affirmed.*