JAMES FOSTER & another *vs.* WILLIAM I. GOODRICH.

Suffolk.    Nov. 19, 1878. — July 24, 1879.    COLT & MORTON, JJ., absent.

A. brought a bill in equity against B. praying for an injunction to restrain the latter from selling certain real estate, under a power of sale contained in a second mortgage which had been assigned to B., and upon which interest was overdue to a certain amount, until it should be ascertained what sum, if any, was due on the mortgage. A temporary injunction was granted, upon the execution by A., by order of the court, of a bond to B.; conditioned that, in case it should be determined in the suit that B. was entitled to hold the premises chargeable for the payment of his mortgage in full, A. should pay the overdue interest thereon with interest on that sum, and keep down all interest accruing or accrued on the first mortgage. On motion of A., the injunction was dissolved, of which B. had notice. The case was heard on the merits, and the bill dismissed with costs. B. thereupon sold the premises under the power for a sum sufficient to pay the first, but not the second, mortgage in full. He then brought an action at law against A. on the bond, the further prosecution of which A. sought to restrain by a bill in equity. *Held*, that the bill could not be maintained; and that, by the terms of the bond, B. was entitled to recover the interest due on his mortgage, with interest on that sum, and the interest due on the first mortgage to the time when the injunction was dissolved, but was not entitled to recover the interest on either mortgage accruing after that time.

ENDICOTT, J.    The plaintiffs in 1876 brought a bill against the defendant and Joseph C. Wightman, to restrain the defendant from selling certain real estate under a power of sale contained in a second mortgage which had been assigned to him by Wightman. The estate was then subject to a mortgage, in the sum of $9000, to the Home Savings Bank, and to the mortgage held by the defendant, upon which interest was overdue to the amount of $245. By that bill, the plaintiffs sought to establish that the mortgage held by the defendant was invalid, on the ground that it had been procured from one of the plaintiffs by the fraud of Wightman. Upon the filing of the bill, the plaintiffs asked for an injunction prohibiting the defendant from

selling the estate until it should be ascertained what sum, if any, was due on his mortgage. This motion was granted, and an injunction issued, April 29, 1876; but, before issuing it, the court required the plaintiffs to execute in favor of the defendant a bond with sureties in the sum of $3000, the condition of which was that the plaintiffs should pay "the said sum of $245, with interest thereon since the eleventh day of December last, in case it shall be determined in said suit that said Goodrich is justly and equitably entitled to hold said mortgaged premises chargeable for the payment thereof in full, and shall also keep down all interest accruing or accrued on the prior mortgage of $9000 on said premises, holden by the Home Savings Bank." On July 8, 1876, this injunction was dissolved on motion of the plaintiffs, of which the defendant had notice. The case was heard on the merits, and the bill dismissed with costs, and the decree was afterwards affirmed upon appeal. 123 Mass. 100. The defendant thereupon sold the estate under the power contained in his mortgage, for a sum sufficient to pay the first, but not to pay the second, mortgage in full. He then brought his action at law upon his bond; the further prosecution of which the plaintiffs seek to restrain by this bill.

But we fail to find in the allegations of the bill, or of the amendment thereto, any ground upon which the bill can be maintained. It was within the power of the court, in granting the temporary injunction, to require that the plaintiffs should furnish proper security to indemnify the defendant from any loss occasioned by the injunction. He was prevented thereby from selling under his mortgage, and obtaining payment of the sum of $245, then overdue, with the interest accrued and accruing thereon; the interest also on the first mortgage was constantly accruing, and the longer the sale was postponed the larger would be the sum due upon it, thereby diminishing the amount to be applied from the proceeds of the sale to the payment of his mortgage, in the event that the proceeds were insufficient to pay both mortgages. The court therefore decided, and it so appears in the condition of the bond, that the defendant was entitled to have these sums paid him in case it should be determined in the suit that he was entitled to hold the "mortgaged premises chargeable for the payment" of his mortgage in full. By voluntarily

giving the bond the plaintiffs elected that the injunction should issue on these terms, and thereby obtained such benefit and advantage as it gave them. See *Leavitt* v. *Lyons*, 118 Mass. 470.

Taking into view the circumstances under which the bond was given, allowing full force to the allegations of the bill, which are admitted by the demurrer, and applying the terms of the condition to the subject-matter then before the court, we are of opinion that the fair construction of the instrument is, that the defendant was to be indemnified for losses occasioned by, and during the continuance of, the injunction; and, while he is entitled to recover the sum of $245 with the interest thereon, and also the interest on the first mortgage to the time when the injunction was dissolved, he cannot recover the interest on either accruing after that time.

The clause in the condition of the bond, providing that the plaintiffs shall pay the sums named in case the suit is finally determined in the defendant's favor, does not mean that the interest accruing up to that time shall be paid, but only that the defendant shall not be entitled to receive anything unless he finally prevails in the suit. The clause applies as well to the $245 as to the interest thereon, and to the interest on the first mortgage.

The fact that the injunction was dissolved on the motion of the plaintiffs, before the case was finally decided, cannot affect the rights and obligations of the parties to the bond, while the injunction continued; and the plaintiffs, having obtained the injunction by giving the bond, cannot now say that the defendant must look to the proceeds of the sale for the payment of the sums which they have in the bond stipulated to pay.

*Decree affirmed, with costs.*

*F. A. Brooks*, for the plaintiffs.
*J. Cutler*, for the defendant.