WILLIAM I. GOODRICH *vs.* JAMES FOSTER & others.

Suffolk.   Nov. 15, 1880.— April 18, 1881.   LORD, FIELD & DEVENS, JJ., absent.

A. brought a bill in equity against B. praying for an injunction to restrain the latter from selling certain real estate, under a power of sale contained in a second mortgage, and upon which interest was overdue to a certain amount, until it should be ascertained what sum, if any, was due on the mortgage. A temporary injunction was granted, upon the execution by A. of a bond to B., conditioned that, in case it should be determined in the suit that B. was entitled to hold the premises chargeable for the payment of his mortgage in full, A. should pay the overdue interest thereon with interest on that sum, and "keep down all interest accruing or accrued" on the first mortgage. On motion of A., the injunction was dissolved; the case was heard on the merits, and the bill dismissed with costs. B. thereupon sold the premises under the power for a sum sufficient to pay the first, but not the second, mortgage in full. *Held*, in an action against A. on the bond, he having paid the interest on the second mortgage, that B. was entitled to recover of A. the interest accrued on the first mortgage at the time the injunction issued, as well as the interest accruing thereon from that time to the dissolution of the injunction.

ENDICOTT, J.   To understand fully the questions raised in this case, it will be necessary to refer briefly to *Foster* v. *Wightman*, 123 Mass. 100, and *Foster* v. *Goodrich*, 127 Mass. 176. In the first case, Foster sought to restrain Goodrich from foreclosing a second mortgage on his real estate, on the ground that it was invalid. A temporary injunction issued against Goodrich on April 29, 1876, and Foster was required to give Goodrich a bond as security against any loss occasioned by that injunction. By the terms of the bond, it appears that Goodrich

had advertised the premises for sale because there had been a breach of the condition of the second mortgage, Foster having failed to pay the interest, amounting to $245, which was due December 11, 1875. The bond recites that, if Foster "shall pay the said sum of $245, with interest thereon since the eleventh day of December last, in case it shall be determined in said suit that the said Goodrich is justly and equitably entitled to hold said mortgaged premises chargeable for the payment thereof in full, and shall also keep down all interest accruing or accrued on the prior mortgage of $9000 upon said premises, holden by the Home Savings Bank, then this obligation shall be void; otherwise, it shall be and remain in full force and virtue." At this time, there had been a breach in the condition of the mortgage to the bank, and an instalment of interest amounting to $315, due January 12, 1876, was unpaid. The injunction was dissolved July 8, 1876. The case was heard upon its merits. The decision was that Foster could redeem only by paying the full amount due on the mortgage held by Goodrich, and, as he declined to do this, the bill was dismissed in July 1877. Soon after, Goodrich entered and sold the premises under a power contained in his mortgage, and subject to the mortgage to the bank, for a sum insufficient to pay his mortgage. He then brought this action on the bond.

Foster thereupon brought the suit reported in 127 Mass. 176, to enjoin Goodrich from prosecuting this action, and the bill was dismissed. The estate, having sold for a sum sufficient to pay the first, but not the second, mortgage in full, it was held that, by the terms of the bond, Goodrich was entitled to the interest due on his mortgage, with interest on that sum, and the interest due on the first mortgage to the time when the injunction was dissolved, but was not entitled to interest accruing on either mortgage after that time. The attention of the court in construing the bond was directed to the question whether interest should be allowed upon both mortgages after the injunction was dissolved.

The substance of the bill is not set out in the report, but, upon referring to it, the only allegation in regard to the plaintiff's claim in this action on the bond is in these words: "and said suit is now pending in the Superior Court for the County of

Suffolk, the said defendant claiming therein the interest which had accrued on said first mortgage since the dissolution of said injunction until July 3, 1877, amounting to $1200 and upwards, and also the interest on $245 which had become due December 8, 1875, on said second mortgage." And, in the amendment to the original bill, it is alleged that the plaintiff believes that the defendant will claim that he is entitled to recover in this action the interest subsequently accruing on the first mortgage, without regard to the duration or continuance of the injunction.

This was the only question raised by the bill which involved the construction of the bond, and was dealt with by the court, though it appears to have been assumed that the defendant was to pay the interest accrued and accruing on the $9000 mortgage; for it is said in the opinion that, while Goodrich " is entitled to recover the sum of $245 with interest thereon, and also the interest on the first mortgage to the time the injunction was dissolved, he cannot recover interest accruing on either after that time." 127 Mass. 178.

The question is now distinctly raised whether the plaintiff is entitled to recover the interest accruing and accrued on the first mortgage prior to the granting the injunction; the presiding judge having allowed only interest accruing on that mortgage during the continuance of the injunction. We are of opinion that the clause in the condition of the bond, that Foster " shall keep down all interest accruing or accrued on the prior mortgage of $9000 holden by the Home Savings Bank," means that Foster shall keep down, that is, pay the interest already accrued, viz. $315, due January 11, 1876, and the interest accruing on the same while Goodrich was prevented from selling the estate by reason of the temporary injunction. Goodrich was restrained from selling, but the bank could sell and foreclose its mortgage, because there was interest unpaid. The obvious purpose of this clause, therefore, was that Foster, while he caused Goodrich to be restrained from selling, should pay this interest. The clause is to be construed in view of the state of things then existing, and the words " interest accrued on the $9000 mortgage " can only refer to the $315 due January 11; for that was the only interest on that mortgage which had accrued, and was payable when the injunction issued.

The defendants having paid so much of the plaintiff's claim as relates to the interest on the second mortgage, the only question at the trial was in regard to the amount of interest on the first mortgage due under the bond. The presiding judge found that there had been a breach of the bond, and ordered judgment to be entered for the penal sum thereof; and that execution should issue for the amount of interest accruing on the first mortgage during the continuance of the injunction. This ruling was erroneous, for the reasons above stated; and, by the terms of the report, the execution must issue, not only for that amount, but also for the interest accrued on the first mortgage at the time the injunction issued and the bond was given.

*Judgment accordingly.*

*J. Cutler*, for the plaintiff.
*A. S. Hall*, for the defendants.