## Westcott *v.* Booth.

### *Motion to quash Fieri Facias for Costs.*

*Fi. fa. for costs on error against successful appellant.* — When an execution for costs from the Supreme Court, against the appellee, has been returned " No property found " (Rev Code, § 3531), the clerk may issue execution in his own name against the appellant for the costs actually created by him, although he was the defendant in the court below.

THIS was a motion to quash an execution for costs, issued by the clerk of the Supreme Court in his own name, under the state of facts recited in the opinion of the court.

J. FALKNER, for the motion.

WATTS & TROY, and S. F. RICE, *contra.*

PETERS, J. — In this court, at the January Term thereof, in the year 1872, William R. Westcott, as appellant, obtained a judgment against William G. Waller, as appellee, for costs of appeal. Execution on this judgment was regularly issued out of this court, and returned by the sheriff of the proper county " no property," as appears of record in this court; and said costs being unpaid, Daniel B. Booth, the clerk of this court, issued execution in his own name, against the said Westcott, said appellant, for the costs actually created by him, said Westcott, in said cause. The said Westcott, said appellant, now comes into this court, and moves to quash said execution, so issued by said Booth, as said clerk, against said Westcott, said appellant as aforesaid, on the following grounds : " 1. There is no authority in law, or from the records of this court, for the issuance of the same. 2. Because the said William R. Westcott is not embraced by the statute authorizing an execution to issue against plaintiffs for costs created by them."

Costs are given by statute. The statute law of this State, allowing " fees in civil cases," is as follows : " Clerks, sheriffs, and other officers hereinafter named, are entitled to receive for

[Rawles *v.* James.]

their services hereinafter mentioned, the fees thereto respectively annexed, and no more, to be paid, taxed, and collected, in the manner hereinafter directed." Rev. Code, § 3513. A subsequent section of the Code directs how fees created by the plaintiff shall be collected, which have been adjudged against the defendant, but remain unpaid in certain cases. This section of the Code is in these words : " The clerk of the Supreme Court, clerks of the Circuit Court, judges of probate, and justices of the peace, upon the non-payment of the costs due by the defendant, upon the return of an execution against such defendant, by the sheriff of the county in which the judgment was rendered, or, if the execution be from the Supreme Court of the county from which the case was brought, ' no property,' may issue execution in their own name, against the plaintiff, for the costs actually created by such plaintiff, and no other ; which execution must be collected and returned as other executions." Rev. Code, § 3531, *partim.* This statute extends to the clerk of the Supreme Court the same remedies that are provided for the clerk of the Circuit Court, to enforce the collection of his fees. Each of these officers is placed in the same category in this particular. The meaning and purpose of the language of the Code is without any reasonable question as to the clerk of the Circuit Court. If these have the same authority, there can be no more doubt in the one case than in the other. Besides, this court has uniformly construed the statute, on this subject, found in Clay's Digest, in which like words are used to describe the parties as the words used in the Code, to authorize the practice pursued in this case. Clay's Dig. p. 310, § 25; *Montgomery* v. *Montgomery*, 22 Ala. 347. The language used in Clay's Digest has been incorporated into the Code. It should receive the same interpretation in the latter compilation as it had received in the former. This is the rule of construction in such cases. Shep. Dig. p. 745, § 29. And such has been the constant practice of this court. This forbids the granting of the present motion.

The motion to quash the execution is denied, with costs.