THE FORT STREET UNION DEPOT COMPANY V. ABSALOM
BACKUS, JR., ET AL.

[See 89 Mich. 209; 92 Id. 33.]

*Eminent domain—Union depot companies—Procedure—Rulings of
circuit judge—Judgment—Costs—Practice in Supreme
Court—Res judicata.*

1. Where, on the hearing in the Supreme Court of an appeal in
   condemnation proceedings, the award of damages, which alone
   is appealed from, is set aside, and the question of damages
   ordered submitted to a new jury, and the parties enter upon
   a new trial without a motion for a rehearing, they adopt the
   decision on said appeal as the law of the case, and the ques-
   tions then decided are therefore *res judicata.*
2. Under the rule laid down in *Railway Co. v. Dunlap,* 47 Mich.
   456, the award of the jury in condemnation proceedings, in-
   stituted in the circuit court, cannot be disturbed on account
   of the attendance of the circuit judge to decide questions of
   law and administer oaths to witnesses, as provided by How.
   Stat. § 3466, unless some ruling or instruction of the circuit
   judge is clearly erroneous, and leads to the plain conclusion
   that the jury were thereby prejudiced against the party com-
   plaining.
3. Pending an appeal by a union depot company from an award
   of damages in condemnation proceedings instituted in the cir-
   cuit court, the respondents were paid the amount of the award.
   Upon a second trial a less sum was awarded, and judgment
   entered for the petitioner for the difference between the two
   awards. And it is held that How. Stat. § 3468, expressly pro-
   vides for the entry of such a judgment, and the issuance of
   an execution thereon is authorized by How. Stat. § 7664.
4. The costs of the second trial were properly awarded to the
   petitioner.
5. Whether the second award is final under the statute—*quaere.*

*Certiorari* to Wayne. (Gartner, J.) Argued November
23, 1894. Decided January 8, 1895.

Respondents bring *certiorari* to review condemnation

proceedings. Affirmed. The facts are stated in the opinion, and in 89 Mich. 209, 92 Id. 33.

*Don M. Dickinson (John Atkinson,* of counsel), for respondents, and petitioners in *certiorari.*

*F. A. Baker,* for petitioner, and respondent in *certiorari.*

GRANT, J. This case is now before us for the third time. It was commenced February 7, 1891. The first jury disagreed. The second jury found a verdict for the respondents of $96,143. This verdict was set aside by the circuit court in which the proceeding was tried. The respondents applied to this Court for the writ of *mandamus* to set aside this order. 89 Mich. 209. The case was afterwards brought to this Court by appeal, and is reported in 92 Mich. 33. After that decision the case was again tried before a jury, resulting in a verdict for Absalom Backus, Jr., for $15,000, and for A. Backus, Jr., & Sons for $48,000. For a full statement of the case, reference is had to the former decisions. The case is now brought before us on a writ of *certiorari,* and substantially the same questions are involved and argued as are stated in the opinion in 92 Mich. No motion was made for a rehearing of that decision. The case was remanded for a new trial, under the rulings then made. The respondents will not be heard upon the questions then decided, and we shall not argue them. By entering upon a new trial without a motion for a rehearing, both parties adopted that decision as the law of the case, and conducted the trial under it. All these questions are therefore *res judicata,* and not now open for review. That case was very ably and fully argued by counsel, and received the most careful consideration by the Court, of which four of the present members were then members. A re-examination shows no

reason for doubting the soundness of the conclusions then reached.

We will now proceed to determine some questions which were not fully disposed of on the former hearing.

1. Complaint is made because the circuit judge presided at the trial, ruled upon questions of evidence, and charged the jury. No errors are assigned upon his rulings in either the admission or rejection of evidence. The precise complaint seems to be that he presided at all. The petition was presented to the circuit court for the county of Wayne, and all the subsequent proceedings were had in that court. The statute expressly provides that the circuit judge may attend the jury " to decide questions of law and administer oaths to witnesses." How. Stat. § 3466. Against this power there is no constitutional inhibition. The same course pursued upon this proceeding was also pursued in the case of *Toledo, Ann Arbor & Grand Trunk Ry. Co. v. Dunlap*, 47 Mich. 456, and the Court refused to set aside the award, even though the charge of the judge was " ambiguous and open to criticism." Under the rule of that case, this award cannot be disturbed, unless some ruling or instruction of the judge is clearly erroneous, and leads to the plain conclusion that the jury were thereby prejudiced against the respondents. The fact that no errors are assigned upon his rulings upon the testimony removes that question from discussion. The judge, in both his rulings and his charge, was very careful not to encroach upon the functions of the jury. The charge was so clear, so appropriate to an important litigation (which had been conducted with great ability and vigor on both sides), and so carefully guarded the rights of both petitioner and respondents, that we here give it in full:

" I invite your cool, calm, careful, and conscientious considera-

tion to the matters about to be submitted to you. The case is one of more than ordinary interest. The importance to the petitioner and respondents, the interests involved, the eminence and ability of learned counsel engaged, the wisdom and legal learning shown, the more than ordinary interest exhibited, the far more than ordinary eloquence displayed, and to which you have been unwearied listeners, the great earnestness in the presentation and contest made, all imperiously demand that you seek well and faithfully to perform the further duty which now devolves upon you, and bring to bear in the matters about to be submitted to you a cool and unbiased judgment and a careful consideration of the facts as you may find them, supported by the evidence produced, with a firm resolve to do your duty—your whole duty—to all the parties, without fear or favor, and without regard for the opinions of others as to conclusions honestly reached. The matter has assumed that shape, to be, as I have said, one of more than ordinary interest. Its final determination rests largely, if not entirely, with you. Your responsibility must not be underestimated. The question before you is (as I will more fully explain hereafter), what compensation are the respondents entitled to, as the owners of certain property, by reason of the construction of the superstructure in and along River street? Opportunity has been given you to fully examine the situation and condition of respondents' property, as well as the superstructure of the petitioner. Such view and such examinations as have been made by you, together with the evidence admitted during the hearing, as well as all the arguments made, based upon 'and supported by the evidence admitted, constitute collectively the basis upon which your conclusions should rest. Your award should be the result of a careful, thoughtful, and conscientious consideration of all these matters, remembering that what you have before you upon which to base your award is the knowledge you obtained by viewing the premises, the evidence, and all the evidence, admitted in the case, and the arguments made, in so far as you find such arguments supported by the evidence as you may find it. The evidence and the particular weight to be given to the testimony of any witness, or whether such testimony should be disregarded, are matters upon which I cannot in any way enlighten you. This is a matter belonging solely to the jury, and no judge is or should be permitted to enter upon, explain, elaborate upon, or express, by intimation or otherwise, any opinion to a jury upon this peculiarly absolute province of the jury, in a controversy of this nature. I will, however, add that you should not suppose the existence of facts not supported by your view or observation of the premises, or the evidence admitted in the case, unless it be in instances where common experience and frequent observation show a fact fairly inferable, though not fully estab-

lished by the view of the premises or by the testimony in the case. But the former must be established by evidence before you; you should infer or presume the second. What you may infer as a fact must be a conclusion logically reached from facts established by evidence and resting in common experience. Thus far I have dealt in the broadest generalities, but I may say that, keeping these matters before you, your duty will be well done; failing, you are likely to be led into error which may terminate in rank injustice to either party.

"The power of eminent domain, or, in other words, the power to take private property for public uses, is in the State. All property is subject to this power. It is a power recognized under the Constitution and law of the land. It is a power delegated by the people to and vested in the Legislature, subject to certain constitutional limitations, and can only be exercised by virtue of a legislative enactment given in express terms or by necessary implication. The power of the Legislature was, by the Constitution of 1850 of this State, limited and restricted in this: By article 18, § 2, it is provided that, 'when private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of 12 freeholders residing in the vicinity of such property,' etc. Thus, you will observe that the questions of necessity and compensation are for the jury, and are not in any way subject to legislative interference; and, while the manner of procedure may be and is prescribed by statute, still any statute upon the subject which fails to observe and provide for every constitutional safeguard would be inoperative and void.

"That the petitioner, under the statute under which it is incorporated, is vested with the exercise of this power of eminent domain, is not and cannot be questioned. Certain proceedings have heretofore been had in this matter, and I call attention to them only for the purpose of stating to you that the question of the necessity for the taking—and which, as I have already stated, is one of the questions to be determined under the provision of the Constitution—is settled. That question—viz., necessity—has been determined, and with that you have nothing to do. That has passed out of the case, and is not before you. The question, and the only question, before you for your determination, is that of compensation, and of compensation only. Your duty, and your only duty, is to ascertain and determine what compensation or damages ought justly to be paid by the Fort Street Depot Company to the respondents for the real estate, property, franchises, easements, and privileges described in the petition, viz.: (1) The amount to be allowed to Absalom Backus, Jr., as the owner of

the fee of the land described; (2) the amount to be allowed to A.. Backus, Jr., & Sons, a corporation, as tenants in possession of such lands. Upon this question—viz., compensation or damages—what I have to say must necessarily be in a broad and the most general way. This is a question for you, and, from the very nature of a proceeding of this character, you are vested with large powers and great discretion. These powers and this discretion should not be exercised arbitrarily, nor without proper regard for substantial justice. You should bear in mind that, the greater the power, the more jealous is the law of its careful exercise, and the greater is the responsibility of the persons vested therewith. You should exercise a cool, careful, intelligent, and unbiased judgment. The compensation or damages must be neither inadequate nor excessive, and your award must not furnish a just inference of the existence of undue influence, partiality, bias, and prejudice, or unfaithfulness in the discharge of the duties imposed upon you. You must, however, remember that the respondents' property is taken, or its enjoyment interfered with, under the so-called ' power of eminent domain,'—a power somewhat and necessarily arbitrary in its character; and that, where this is done, the party whose property is taken, or whose enjoyment or use of the property is interfered with, is entitled to full compensation for the injury inflicted. While the allowance to be made should be liberal, still it must not be unreasonably exorbitant or grossly excessive. It should be a fair and liberal allowance and full and adequate compensation for the damages inflicted. You should not allow too little, nor should you allow too much. Your award should be based upon that which is real and what is substantial, and not upon what is either fictitious or speculative. You should look at the conditions of things as they exist. Under the Constitution and laws, the right to take another's property for public uses—the power to exercise the right of eminent domain—is a part of the law of the land; but, when this power is exercised, it can only be done by giving the party whose property is taken, or whose use and enjoyment of such property is interfered with, full and adequate compensation, not excessive or exorbitant, but just compensation.

"I shall not call attention to any particular part of the testimony in the case. The responsibility of its application, and the weight to be given it, rests with you; always regarding that which is real and substantial, and disregarding that which is fictitious and speculative; treating conditions as they have been shown and as they are, without speculating as to what might possibly happen or occur; taking conditions as you find them, and the natural and probable consequences following such conditions.

"I do not want to leave this case without again impressing upon your minds your great responsibility. You want to and must do that which is just and right by the petitioner, that which is just and right by the respondents. You have before you such knowledge as you obtained by viewing the premises, the evidence admitted in the case, the arguments of counsel, and which, as I have said, you may consider in so far as supported by the evidence, and also the little that I have had to say to you. These matters are to be your guide absolutely and solely in the determination of the question involved. Let me impress upon you that, in a court of justice, friendship ceases. We know no friends; we know no enemies; we do no favors. Here we are actuated by reason only, in its most cool, calculating, deliberate, and unsympathetic spirit. 'Favor,' 'offend,' 'displease,' are words which neither in thought nor spirit have meaning here. To do what is just and right is and should be our sole and absolute object. In the settling and determination of rights, in the administration of the law, acquaintances, associations, and friendships are not in any way factors. Purity and honest intention, the careful exercise of honest judgment, with a firm resolve to do exact justice, are the only virtues. These principles are predominant, and the indomitable spirit to do right is the only incentive which actuates an honest mind and an honest man.

"Gentlemen, the matter is now in your hands. Discharge your duty faithfully and honestly. I invoke in you the spirit so beautifully, though figuratively, exemplified in the Goddess of Justice, who, blindfolded, weighs in the scale every human action, and fearlessly determines the right, without passion, without prejudice, and regardless of and uninfluenced by wealth, position, or any thought and sentiment not just and pure."

This charge correctly embodies the law upon the subject. There is nothing in it which could have any other tendency than to direct and aid the jury to a correct result. It in no particular invaded the province of the jury, and left to their consideration every legitimate element of damage. The arguments of the learned and able counsel on both sides, which extended over two days, are found in full in the record. The reading of them discloses the fact that the judge did not restrict their arguments in the least; that they were not interrupted except by opposing counsel; and that every proper basis of damages

was fully presented. Under these circumstances, we cannot concur in the statement of counsel that "the presiding judge made himself a controlling and constraining member of the constitutional tribunal, and thus rendered the proceedings void." In these proceedings it is important that the jury should be confined to a consideration of those matters which have a legitimate bearing upon the questions confided to them for determination. It is of little consequence what agency under the statute has secured the result,—whether it be the judge, or commissioners, or counsel, or the jury themselves. When courts can say that the proceedings have been conducted fairly and honestly, they must confirm the award. It is proper here to note that no requests to charge were presented on behalf of the respondents.

2. The amount of the first award was paid to the respondents pending the appeal to this Court. Upon the second trial the award was diminished, and judgment entered for the petitioner for the difference between the two awards. The statute provides for the payment of this sum by the respondents to the petitioner. We think judgment for this amount was properly entered. As already stated, this proceeding is in the circuit court, and the statute clearly contemplates the entry of judgment and the issue of execution to enforce the finding of the jury. The statute expressly provides for the entry of judgment. How. Stat. § 3468. A general statute also provides for issuing execution upon any judgment rendered in any court of record. How. Stat. § 7664. The case of *Derby v. Circuit Judge*, 60 Mich. 1, does not apply to this case. The railroad company in that case had abandoned the proceedings by refusing to pay the award, and consequently acquired no rights in the land. No execution could therefore issue either for the award or costs, both of which were held under the statute to be placed on the same footing.

3. The costs of the second trial were allowed by the court to the petitioner. The validity of this allowance depends upon the construction to be given to the statute. That part of the statute relative to costs of the second trial reads as follows:

"If the amount of the compensation to be allowed is increased by the second report, the difference shall be a lien on the land appraised, and shall be paid by the company to the parties entitled to the same, or shall be deposited as the court shall direct, and in such case all costs of the appeal shall be paid by the company; but if the amount is diminished, the difference shall be refunded to the company by the party to whom the same may have been paid, and judgments therefor and for all costs of the appeal shall be rendered against the party so appealing."

The costs of the first trial must be paid by the petitioner, and this it did. Had the award been increased, it would have been compelled to pay the costs of the second trial. We think the plain intent was to give costs to the successful party. Upon the appeal of the respondents and the increase of the award, would it be contended that they should pay the costs of securing a victory? If the literal language were followed, judgment for the difference, as well as for the costs, should be against the appealing party; but it is too clear to require argument that the judgment is to be against the respondents for the difference.

4. A motion was made to dismiss the writ of *certiorari*, on the ground that the second award is final under the statute, and that this provision cannot be evaded by invoking the use of this writ. The statute provides that " the second report shall be final and conclusive upon all parties interested." We have chosen to dispose of the questions not adjudicated upon the former hearing on account of the importance of the case. It thus becomes unnecessary to decide the important question raised by the motion, and we pass no opinion upon it.

The award must be affirmed, with costs to the petitioner, the Fort Street Union Depot Company.

The other Justices concurred.