ESLER v. KENT CIRCUIT JUDGE.

Garnishment—By Whom Maintainable.

The word "plaintiff," as used in 3 How. Stat. § 8058, providing that, in all cases where there remains any sum unpaid upon any judgment or decree, a writ of garnishment may issue on the affidavit of the "plaintiff," his agent or attorney, refers to the party moving in the garnishment proceeding; and, therefore, a defendant who has recovered judgment against the plaintiff is entitled to sue out the writ.

*Mandamus* by Alexander D. Esler to compel Allen C. Adsit, circuit judge of Kent county, to set aside an order vacating a judgment recovered by the relator in a garnishment proceeding. Submitted January 7, 1896. Granted March 11, 1896.

*Earle & Hyde*, for relator.

*Hatch & Wilson*, for respondent.

Montgomery, J.    This application for *mandamus* presents the question of whether a defendant who has recovered a judgment against the plaintiff may sue out a writ of garnishment, based on such judgment, against a third party. The circuit judge held that the defendant is not entitled to the remedy.

The statute (3 How. Stat. § 8058) reads as follows:

"That in all personal actions arising upon contract, express or implied, brought in the several [circuit] courts or municipal courts of civil jurisdiction, whether commenced by declaration, writs of *capias*, summons, or attachment, *and in all cases* where there remains any sum unpaid upon any *judgment or decree* rendered in any of the several courts hereinbefore mentioned, or upon any transcript of a judgment filed in said courts, if the plaintiff, his agent or attorney, shall file with the clerk of said circuit court at the time of or after the commencement of suit, or at any time after rendition of judgment or decree

or the filing of a transcript of judgment, an affidavit stating that he has good reason to believe, and does believe, that any person (naming him) has property, money, goods, chattels, credits, or effects in his hands, or under his custody or control, belonging to the defendant, or any or either of the defendants, or that such person is indebted to the defendant, or any or either of the defendants, whether such indebtedness is due or not, and that the principal defendant, or any or either of the defendants (naming him or them), is justly indebted to the plaintiff on such contract, judgment, decree, or transcript, in a given amount, over and above all legal set-offs, and that the plaintiff or affiant is justly apprehensive of the loss of the same unless a writ of garnishment issue to the aforesaid person, a writ of garnishment shall be issued," etc.

The legislative intent, it must be conceded, is not made as clear as might be desired, and we are cited to no case which can be said to rule this. It is safe to assume, in view of the end aimed at by the legislation, that it was not the intent to afford to one party a remedy not open to the other. The ambiguity arises out of the fact that the provision for remedy on judgment was inserted in a section which previously provided for the suing out of the writ at the commencement of suit, and the provision for the making of the affidavit by the plaintiff was left unchanged. Literally construed, this provision would render nugatory the remedy given on a decree; for, strictly speaking, there is no party in chancery designated as "plaintiff." The construction contended for by respondent would also limit the general language giving the remedy in *all cases* where any sum remains unpaid on *any* judgment or decree. We think it not unwarranted to assume that by the word "plaintiff," as here used, was meant the moving party or suitor in the garnishment proceeding. A question having some analogy was presented to the supreme court of Massachusetts. The statute provided that after the rendition of a judgment in a civil action, if the execution had not been satisfied, the court or justice, upon petition of defendant,

might order a stay or *supersedeas.* It was held that the word "defendant," as used, was clearly intended to refer to the person against whom the judgment sought to be recovered was rendered, and who, as petitioner, asked for a stay of execution, and not to the defendant in the original action. *Leavitt* v. *Lyons,* 118 Mass. 472. See, also, *Westcott* v. *Booth,* 49 Ala. 182; *Fort Street Union Depot Co.* v. *Backus,* 103 Mich. 564. It has been held that, in garnishment statutes, the word "plaintiff" should be construed to include the assignee, who is the owner of the judgment. *Dugas* v. *Mathews,* 9 Ga. 510. We are of opinion that it was intended to give this remedy to the person who recovered judgment or decree, whether he be plaintiff, complainant, or defendant, and that the word "plaintiff," as used in the statute, must be construed to mean the party moving in the garnishment proceeding.

Writ granted.

The other Justices concurred.