PEOPLE v RUSSELL

Docket No. 74515. Submitted December 19, 1984, at Lansing.—Decided June 12, 1985.

Defendant, James C. Russell, was convicted, on his plea of guilty, of armed robbery, Washtenaw Circuit Court, pursuant to a plea bargain wherein defendant was promised that he would receive a sentence less severe than he was to receive in another case in a neighboring county. Defendant was not informed at the plea taking that, if he pled guilty, he could not be placed on probation. Defendant was sentenced to a prison term of from 19 to 40 years, after having been given a 20- to 40-year sentence in the other case. Defendant appealed and the Court of Appeals, on April 15, 1983, granted a motion for peremptory reversal and remanded for further proceedings. Subsequently, the Supreme Court in *People v Jackson,* 417 Mich 243 (1983), held that failure to so inform the defendant was not reversible error where defendant pled guilty pursuant to a sentence bargain and was sentenced in accordance with that bargain. The trial court ordered defendant's conviction and sentence reinstated, Patrick J. Conlin, J. Defendant appealed. *Held:*

The last utterance of an appellate court determines the law of the case, and upon remand for another trial subsequent to the appeal, the trial court is bound to follow the law as stated by the appellate court. The court was without power to reinstate defendant's conviction.

Reversed and remanded.

1. APPEAL — LAW OF THE CASE.

The last utterance of an appellate court determines the law of the case, and, upon remand for another trial subsequent to the appeal, the trial court is bound to follow the law as stated by the appellate court.

2. APPEAL — LAW OF THE CASE.

The action of a trial court, clearly disregarding an order of the Michigan Court of Appeals, is not to be tolerated.

REFERENCES

Am Jur 2d, Appeal and Error §§ 744-759, 991.
See the annotations in the ALR3d/4th Quick Index under Appeal and Error; Law of the Case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Jack F. Simms, Jr.,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Lutton,* for defendant.

Before: WAHLS, P.J., D. E. HOLBROOK, JR., and C. A. WICKENS,* JJ.

PER CURIAM. In this case we consider the applicability of the law of the case doctrine where an intervening change in law has occurred. We hold that the trial court was bound by our prior order and that the prosecution's proper remedy was to move for rehearing in this Court or to appeal to the Supreme Court.

Pursuant to a plea and sentence bargain, defendant pled guilty on June 11, 1981, to armed robbery, MCL 750.529; MSA 28.797. The bargain included a promise by the court that defendant's sentence would be less than one to be given in a neighboring county. After being given a 20- to 40-year sentence in the other case, defendant was sentenced in the instant case on February 11, 1982, to a prison term of from 19 to 40 years. Defendant appealed and moved for peremptory reversal because the court had not informed him at the plea proceeding that he could not be placed on probation if he pled guilty. The prosecutor having conceded error under existing law, this Court granted defendant's motion on April 11, 1983, "on authority of GCR 1963, 785.7(1)(f), *People v Rogers,* 412 Mich 669 (1982); and *People v Greene,* 116 Mich App 205; 323 NW2d 337 (1982), *rev'd* 414 Mich 896 (1982)". Defendant's conviction

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was reversed and the cause remanded to circuit court "for further proceedings".

On April 25, 1983, the Supreme Court decided *People v Jackson,* 417 Mich 243; 334 NW2d 371 (1983), reversed its position taken in *Rogers, supra,* and concluded:

"a failure to advise a defendant pleading guilty that an offense is not probationable or of the maximum and minimum sentences which could be imposed should not be regarded as reversible error per se where there is a sentence bargain and the defendant has been sentenced in accordance with the bargain." 417 Mich 246.

On July 5, 1983, the prosecutor in this case brought in circuit court a motion to reinstate defendant's conviction, citing *Jackson, supra.* Defendant responded that the court had no power to alter the order of this Court. The circuit court granted the prosecution motion, concluding that its jurisdiction had been reinstated by the remand for further proceedings.

Defendant moved for rehearing and more fully set forth his argument that the circuit court's jurisdiction was subject to the appellate court order, being the law of the case. The prosecutor responded that the court should "follow the dictates of the Supreme Court", being the current law. The hearing on defendant's motion concluded with the reinstated conviction being upheld:

"*The Court:* All right. The only issue before the Court is not whether the Defendant was guilty of the crime— the only issue is I didn't tell the Defendant that he couldn't be placed on probation. I forgot to tell him that, even though he knew that it was going to be less than he got in Jackson County. In Jackson County he got twenty to forty, and in this county he got nineteen to forty. And so the only issue is whether or not I told

him he was going to get probation when, you know, he knew that he wasn't going to get probation.

"*Mr. Dyer:* That may well be, Your Honor, but that wasn't stated on the record.

"*The Court:* However, as far as I'm concerned, there is no issue of guilt or innocence or anything like that here. I didn't tell him and the Prosecutor admitted error because I didn't tell him that. Then the Supreme Court says, you don't have to tell him that.

"So, the law as far as I'm concerned is that I didn't have to tell him that. The sentence of nineteen to forty is the same. In other words, I have reconsidered it. I do not believe that my sentence should be changed. The sentence is still nineteen to forty, that being less than Jackson County, exactly what I agreed upon. That's all."

An appropriate order was entered on July 28, 1983, and defendant appealed as of right.

Defendant raises three issues for review: (1) whether the trial court abused its discretion in denying defendant's motion to withdraw his plea prior to sentencing; (2) whether the trial court abused its discretion in denying defendant's motion for substituted counsel; and (3) whether the court exceeded its authority by reinstating defendant's conviction following reversal and remand by this Court. We consider the third issue first and find it dispositive of this appeal.

The law of the case doctrine has a long history in this state. See, *e.g., Mynning v The Detroit, L & N R Co,* 67 Mich 677; 35 NW 811 (1888). The doctrine is one manifestation of the policy of finality to litigation and is a variation on the well-known rule that, if a party fails to take advantage of an opportunity to timely raise a matter, the matter is generally not preserved. In *The Fort Street Union Depot Co v Backus,* 103 Mich 556; 61 NW 787 (1895), *aff'd* 169 US 557; 18 S Ct 445; 42 L Ed 853 (1898), the Michigan Supreme Court had a

case before it for the third time. The Court had previously addressed the same questions raised and had remanded for a new trial. In the case before it, the Court declined to give any further relief, concluding,

"By entering upon a new trial without a motion for a rehearing, both parties adopted that decision as the law of the case, and conducted the trial under it. All these questions are therefore *res judicata,* and not now open for review." (Italics in original.) 103 Mich 55.

As should be clear from the Court's statement, the law of the case will apply in a subsequent proceeding in the same appellate court. See also *Allen v Michigan Bell Telephone Co,* 61 Mich App 62, 65; 232 NW2d 302 (1975), *lv den* 395 Mich 793 (1975). The doctrine is subject to almost no exception. In *Mynning, supra,* p 680, the Supreme Court stated: "[U]nless we erred in [our prior] opinion, the decision in that case must rule this." In *Allen, supra,* a panel of this Court concluded that, in its first ten years of existence, this Court had never refused to follow the law of the case. We are not aware of a deviation from the doctrine during the second decade of this Court's existence.

The law of the case doctrine applies with even greater force when an appellate court remands a case to an inferior tribunal. The lower court is "without power" to take action inconsistent with the judgment of the appellate court. *George v Wayne Circuit Judge,* 336 Mich 543, 544; 58 NW2d 915 (1953). In *Lyon v Ingham Circuit Judge,* 37 Mich 377, 378-379 (1877), Chief Justice Cooley expounded on the policy of the law of the case as it relates to a remand:

"The policy of the law is that when a case has once been considered and disposed of by the courts before

which it may lawfully be brought, it is disposed of for all time, and the conclusion cannot be attacked in any new proceeding except upon certain equitable grounds which are foreign to the present discussion. The court rendering the conclusive judgment may have a discretionary authority to review and revise its own action, but if that court shall have taken the case on appeal, and shall have remanded it after judgment, the court below can have no similar authority, because if it could and should exercise it, it would really be reviewing and revising the action of its superior; which would be absurd. All the discretion which the inferior court can have must concern the execution of the judgment or decree which has been sent down to it; if no directions have been given as to these it would have the ordinary powers in respect to it, as it would have had if it had been entered by itself."

The Supreme Court has spoken on this subject more recently in *People v Whisenant,* 384 Mich 693, 702-703; 187 NW2d 229 (1971):

"The Court of Appeals in *People v Whisenant,* [11 Mich App 432; 161 NW2d 425 (1968)], had reversed and remanded for a new trial without the admission of the confession. The trial court disregarded the order of the Court of Appeals and again allowed in the confession. As the Court of Appeals stated in *People v Whisenant,* [19 Mich App 182, 189; 172 NW2d 524 (1969)]:

" 'It is fundamental law that the last utterance of an appellate court determines the law of the case, and upon remand for another trial subsequent to the appeal, the trial court is bound to follow the law as stated by an appellate court. If a litigant has any objection to the law as stated by the appellate court, his redress is an application for rehearing to the deciding court or an appeal to a still higher tribunal. *George v Wayne Circuit Judge* [336 Mich 543; 58 NW2d 915 (1953)]; *Thompson v Hurson* [206 Mich 139; 172 NW 544 (1919)]; *American Insurance Co of Newark v Martinek* [216 Mich 421; 185 NW 683 (1921)]; *Pierce v Underwood* [112 Mich 186; 70 NW 419 (1897)]. In 1948 CL, § 600.314, as amended by 1964 PA 281 * * * it is provided:

" ' "(1) The decisions on appeal of the Court of Appeals are final, except as reviewed by the Supreme Court as provided by Supreme Court rule." GCR 1963, 800.4 added October 9, 1964, effective January 1, 1965, provides:

" ' "The decision of a majority of the judges of a Division or panel in attendance at the hearing shall constitute the decision of the Court. Decisions of the Court of Appeals are final except as reviewed by the Supreme Court on leave granted by the Supreme Court." '

"The trial court in this case clearly disregarded the order of the Court of Appeals. Such action is not to be tolerated, and we agree with the above statement of the Court of Appeals as to the limited function that remains with a lower court when an appellate court speaks."

In the instant case, we conclude that the circuit court disregarded the order reversing defendant's conviction and remanding for further proceedings. By reversing defendant's conviction on the ground that he was not properly advised of the consequences of pleading guilty, this Court vacated defendant's guilty plea. As was said in *People v George,* 69 Mich App 403, 407; 245 NW2d 65 (1976), *lv den* 399 Mich 857 (1977), "when a guilty plea is vacated it is a nullity. *People v Street,* [288 Mich 406, 408; 284 NW 926 (1939)], *Kercheval v United States,* [274 US 220, 224; 47 S Ct 582; 71 L Ed 1009 (1927)]. That means that everything that transpired pursuant to the guilty plea is a nullity." In rendering defendant's guilty plea a nullity, this Court could not have intended that the circuit court would reconsider the plea and give it new life. By remanding for further proceedings, this Court contemplated either a dismissal, a new guilty plea or a trial.

On this appeal, the prosecutor places great reliance on *People v Sequeira,* 137 Cal App 3d 898;

188 Cal Rptr 470 (1982). Sequeira was convicted on numerous counts of armed robbery. Believing armed robberies to be "violent felonies" under the California Penal Code, the trial court imposed consecutive sentences. The Court of Appeals reversed and remanded for resentencing, citing Supreme Court authority. Five weeks later, and before resentencing, the Supreme Court decided an unrelated case and concluded that armed robberies are "violent felonies" and consecutive sentencing thereon is lawful. At Sequeira's resentencing, the trial court was in a quandary whether Sequeira was subject to consecutive sentencing and decided to follow the law of the case. The people appealed and the Court of Appeals reversed, recognizing an exception to the doctrine of law of the case where there is an intervening or contemporaneous change in law.

We are not persuaded to apply the rationale of *Sequeira* to the facts of this case. We find several distinguishing factors.

First, as noted in *Sequeira,* 137 Cal App 3d 901, later decisions of the California courts recognize several kinds of exceptions to the doctrine and treat it as merely one of policy and normal practice. An intervening or contemporaneous change in the law is the principle ground in California for ignoring the doctrine. In contrast, the Michigan authority we have cited earlier suggests a stricter adherence to the doctrine, and an exception for an intervening or contemporaneous change in law appears to be one of first impression.

Accordingly, recognition of the exception to the doctrine should be approached with some caution. In *Sequeira,* the trial court had the duty to resentence defendant but was in the awkward position of choosing between the principles of *stare decisis* and law of the case. Furthermore, his actions

under either principle were reviewable on appeal by either the prosecutor or the defendant since sentences in California are subject to judicial correction whenever they are unauthorized by law. 137 Cal App 3d 902. The instant case is very different. The circuit court was obliged to proceed toward trial but could accept either a *nolle prosequi* or a new guilty plea. None of these alternatives was in conflict with *Jackson* since the prior guilty plea was a nullity. If the court had followed any of these alternatives, there could have been no proper appeal from the failure to reinstate the prior guilty plea. Therefore, we are not persuaded that the prior order of this Court should not be given final effect.

We perceive no injustice arising from our holding. This Court's order of April 11, 1983, was eminently correct under existing law. The prosecutor had time, even after *Jackson* was decided, to timely file a motion for rehearing in this Court or an application for leave to appeal to the Supreme Court. He did not and consequently waived further review of the validity of defendant's guilty plea.

Reversed and remanded for further proceedings not inconsistent with this opinion.