STATE OF NEBRASKA, APPELLEE, V.
CALVIN J. WHITE, APPELLANT.

601 N.W. 2d 731

Filed October 22, 1999.    No. S-98-1105.

Bradley T. Kalkwarf, Fillmore County Public Defender, for appellant.

Don Stenberg, Attorney General, and Barry Waid for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This case is an appeal from the trial court's decision to reinstate appellant Calvin J. White's 1992 convictions and sentences for second degree murder and use of a firearm to commit a felony. White's original convictions were reversed on a

postconviction proceeding in 1996 because the jury instructions at his trial had failed to list malice as an element of second degree murder, and the cause was remanded for a new trial. Prior to the new trial, our decision in *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998), held that malice was not an element of second degree murder. The State then moved for a reinstatement of White's original convictions and sentences. The trial court granted the motion, and White appeals. The appeal is before this court as a case in which life imprisonment has been imposed.

## BACKGROUND

White was tried in 1992 on a first degree murder charge arising from the death of Patricia Cool. White was convicted of second degree murder as a lesser-included offense, for which he was sentenced to life imprisonment. White also received a 10-year sentence of imprisonment for use of a firearm in connection with the killing. White has already served his sentence for an automobile theft conviction arising from the same incident, and that conviction and sentence are not a part of this appeal. This court affirmed the convictions and sentences in *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993) (*White I*).

White subsequently filed a motion for postconviction relief on the grounds that *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), had found malice to be an element of second degree murder and that the jury instructions in his trial had not listed malice as an element of second degree murder. In accordance with *State v. Myers, supra*, this court reversed White's convictions and sentences and *remanded the cause for a new trial. State v. White*, 249 Neb. 381, 543 N.W.2d 725 (1996) (*White II*). The mandate ordering such action was issued by this court on April 12, 1996, and filed in the trial court on April 16, 1996. The trial court's docket sheet reflects that it acted on the mandate when, on May 23, 1996, it ordered that "[i]n response to the SC mandate . . . the prosecution will file a new information and an arraignment will be had at ten o'clock, a.m., on June 13, 1996."

The State filed a new information charging White with first degree felony murder as well as second degree murder. At this point, White took an interlocutory appeal to this court alleging that he had already been acquitted of first degree murder by the

jury in his first trial and that the State could not again charge him with first degree murder merely by changing the theory to felony murder. This court agreed in *State v. White*, 254 Neb. 566, 577 N.W.2d 741 (1998) (*White III*), and remanded the cause for further proceedings.

Shortly before the new trial was to begin, this court decided *State v. Burlison, supra*, which reversed *State v. Myers, supra*, and its progeny, including *White II*, on the issue of malice as a necessary element of second degree murder. The State made a motion for the reinstatement of White's original convictions and sentences for second degree murder and use of a firearm to commit a felony, which the trial court granted.

White had also made a motion for discharge from custody on the ground of denial of the right to a speedy trial. The trial court denied this motion in light of its reinstatement of White's convictions and sentences.

## ASSIGNMENTS OF ERROR

White assigns that the trial court erred in granting the State's motion to reinstate the 1992 convictions and sentences, in denying White's motion for discharge from custody, and in retroactively applying an unforeseeable construction of a state law, thereby depriving White of due process of law.

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999); *Divis v. Clarklift of Nebraska*, 256 Neb. 384, 590 N.W.2d 696 (1999).

## ANALYSIS

### LAW-OF-THE-CASE DOCTRINE

The law-of-the-case doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit. *State v. Carter*, 255 Neb. 591, 586 N.W.2d 818 (1998).

*State v. Thompson*, 69 Neb. 157, 95 N.W. 47 (1903), concerned a mortgage foreclosure in favor of the plaintiff and a

mandate from the Supreme Court directing the lower court to enter a judgment in favor of the plaintiff. On remand, the lower court had allowed other parties claiming an interest to intervene and had refused to enter the order directed by the mandate. We held that the district court must obey the mandate and could not allow intervention. We noted that if the mandate was not followed, then the mandates of the Supreme Court would furnish a basis for a retrograde movement, rather than stand as a monument of the progress made in successful steps in litigation.

In this case, the mandate of this court in *White II* was that the motion for postconviction relief was granted and that we reversed the judgment of the trial court and remanded the cause for a new trial on the second degree murder and use of a firearm to commit a felony charges, in accordance with our opinion.

In *White III*, we reversed the order of the trial court (overruling White's plea in bar that he could not be charged with first degree murder after having been found guilty of second degree murder) and remanded the cause to the trial court for further proceedings consistent with our opinion.

Neither of these explicit directions as set out in *White II* and *White III* have, as yet, been carried out by the trial court. While the trial judge was obviously concerned about the trauma to Cool's mother, who had witnessed White shoot Cool, from having to testify in another trial, together with the additional cost and expense to the taxpayers in this effort, the trial court failed to implement the mandate. The trial court did not have the authority to reinstate its prior judgment of convictions and sentences that the appellate court had reversed and remanded for a new trial. The only option available to a party to obtain review of a mandate is to have the appellate court which issued the mandate review the decision, and not to have the inferior court review the mandate and decide whether or not the inferior court should follow the mandate.

We are persuaded by the reasoning of the Michigan case of *People v Russell*, 149 Mich. App. 110, 385 N.W.2d 613 (1985). In that case, the defendant was convicted on his plea of guilty of armed robbery, and the appellate court reversed, and remanded for a new trial. On remand, the trial court reinstated

the conviction and sentence, and the defendant appealed. The Michigan Court of Appeals held:

> The law of the case doctrine applies with even greater force when an appellate court remands a case to an inferior tribunal. The lower court is "without power" to take action inconsistent with the judgment of the appellate court. . . .
>
> " ' "It is fundamental law that the last utterance of an appellate court determines the law of the case, and upon remand for another trial subsequent to the appeal, the trial court is bound to follow the law as stated by an appellate court. . . ." ' "

*Id.* at 114-15, 385 N.W.2d at 615-16.

As stated by the Michigan court, if an appellate court has remanded after judgment, a lower court has no similar authority because if it could and should exercise it, the lower court would really be reviewing and revising the action of a superior court, which would be absurd.

In the instant case, the State, in its motion to reinstate the convictions and sentences of *White I*, which the trial court improvidently granted, has asked the trial court to ignore the mandate of *White II*. The trial court's decision granting this motion was in error.

We reverse the decision of the trial court granting the State's motion to reinstate the convictions and sentences of White, and remand the cause for the new trial which was directed by the mandate in *White II*. In this retrial, the law as established in *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998), shall apply.

## WHITE'S MOTION FOR DISCHARGE

White further argues that the failure of the trial court to grant his motion for discharge was erroneous. Pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1995), every person indicted or informed against for any offense must be brought to trial within 6 months, as computed in § 29-1207. White asserts that the 6-month clock began to run on December 20, 1994, when the trial judge set a hearing on his postconviction relief motion and stated that " '[t]he week of March 20, 1995, is hereby saved for a second trial . . . .' " Supplemental brief for appellant at 5.

White characterizes this order as the granting of a new trial for purposes of the speedy trial statute.

However, § 29-1207(3) states that in the case of a retrial following an appeal or a collateral attack, a new 6-month clock begins to run from the date of the mandate on remand. The date of the mandate on remand is the date on which the district court first takes action pursuant to the mandate. *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999). The first action of the trial court following the remand was a meeting with counsel on May 23, 1996. Thus, the 6-month clock began to run on that date.

White's filing of the plea in bar on June 13, 1996, that led to *White III*, stopped the clock with 21 days having elapsed. The clock began running again as soon as the trial court regained jurisdiction over White's case by taking some action following our remand in *White III*. See *State v. Ward, ante* p. 377, 597 N.W.2d 614 (1999). The trial court's first action following remand apparent from the record is an order filed August 20, 1998.

The clock would have started again on that date but for White's filing of the motion for discharge from custody that preceded the court's order and is a subject of this appeal. Because White's filing of a motion stopped the clock before it could restart, no time has elapsed off the clock since the filing of White's plea in bar on June 13, 1996.

Therefore, we conclude that White's second assignment of error, denial of his motion for discharge from custody, is without merit.

## CONCLUSION

The mandate of *White II* ordering a new trial has not been fulfilled. The trial court failed to take into account the mandate and lacks the authority to reinstate the convictions and sentences of *White I*, and the order of the trial court doing this is hereby vacated, and the cause is remanded to the trial court for the new trial as directed in our previous mandate.

The decision of the trial court overruling White's motion for discharge of custody is hereby affirmed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR A NEW TRIAL.