# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 13, 2006

131001

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

GABRIEL FERRIS,
      Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131001
COA: 256439
Saginaw CC: 95-010303-FC

_____/

On order of the Court, the application for leave to appeal the February 28, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

TAYLOR, C.J., concurs and states as follows:

I concur in the order denying leave to appeal. Even if the evidence was erroneously admitted under MRE 404(b) and MRE 403, defendant has not met his burden of showing that the error was outcome determinative in light of the other evidence against him. *People v Lukity*, 460 Mich 484, 495-496 (1999).

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

I would grant leave to appeal. It appears to me that the trial court and the Court of Appeals refused to apply the law of the case doctrine. This Court should grant leave to appeal to clarify this important doctrine for the lower courts.

As a general rule, an appellate court's final determination on a matter of law binds both the lower court on remand and the appellate courts on subsequent appeals of the case. *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260 (2000). The law of the case doctrine is intended to promote efficiency, comity, and finality in the law. *Locricchio v Evening News Ass'n*, 438 Mich 84, 109 (1991). The doctrine is also a

recognition that an appellate court lacks jurisdiction to modify its own judgment in a particular case except on rehearing. *Johnson v White*, 430 Mich 47, 53 (1988). This Court has recognized its importance for well over 100 years. See *Pierce v Underwood*, 112 Mich 186 (1897); *Mynning v Detroit, L & N R Co*, 67 Mich 677 (1888).

But, of course, there are exceptions to the doctrine, as there are to most general rules. If a case involves an individual's constitutional rights, the "doctrine must yield to a competing doctrine: the requirement of independent review of constitutional facts." *Locricchio*, 438 Mich 109-110. The Court of Appeals has also recognized an exception for instances where there is an intervening change in the law. *Freeman v DEC Int'l, Inc,* 212 Mich App 34, 38 (1995).[1] It is the latter exception that the Court of Appeals applied in this case. But the exception was inapplicable.

A jury convicted defendant of first-degree felony murder. On appeal, the Court of Appeals reversed the conviction and remanded the matter for a new trial. *People v Ferris*, unpublished opinion per curiam of the Court of Appeals, issued August 6, 1999 (Docket No. 193744). It found that the trial court improperly admitted evidence at trial of defendant's prior abuse of his former spouse. The Court of Appeals reached this conclusion for two reasons. First, it found the evidence inadmissible under MRE 404(b)(1) as interpreted by this Court in *People v VanderVliet*, 444 Mich 52 (1993), and *People v Golochowicz*, 413 Mich 298 (1982). *Ferris*, *supra,* slip op pp 4-5. Second, it concluded that, even if the evidence were admissible under MRE 404(b)(1), it would be inadmissible under MRE 403. The Court of Appeals found that its probative value substantially outweighed the unfair prejudice it caused. *Id*., p 5.

On remand, the second trial resulted in a mistrial. At the third trial, the prosecution sought and was permitted to use the same prior-bad-acts evidence that the Court of Appeals had rejected. The third jury convicted defendant of first-degree felony murder. On appeal, defendant argued that the law of the case barred the bad-acts evidence. A second Court of Appeals panel found that this Court's intervening decision in *People v Sabin* (*After Remand*), 463 Mich 43 (2000), sufficiently changed the law

---

[1] I would note that there is conflicting law on whether this exception to the law of the case doctrine is properly recognized in Michigan. See *People v Russell*, 149 Mich App 110, 117-118 (1985). There is also a strong argument that this exception contradicts the often repeated rule that the law of the case doctrine applies regardless of the correctness of the prior determination. *Driver v Hanley* (*After Remand*), 226 Mich App 558, 565 (1997); *Reeves v Cincinnati, Inc* (*After Remand*), 208 Mich App 556, 559 (1995); *Muilenberg v Upjohn Co*, 169 Mich App 636, 641 (1988); see also *Damon v DeBar*, 94 Mich 594 (1893). The conflict presents yet another reason for this Court to grant leave to appeal in this case. The bench, the bar, and the people of Michigan deserve clarity on the proper exceptions to the fundamental doctrine of the law of the case.

regarding MRE 404(b) to make the law of the case doctrine no longer controlling.  The Court concluded:

> In this Court's previous opinion, the majority analyzed the admissibility of defendant's ex-wife's other acts testimony under the test stated in *VanderVliet*, *supra*, but did not have the benefit of the clarifications provided by *Sabin*.  We agree with the trial court that *Sabin* represented a significant intervening development of the law applicable to MRE 404(b), which removed this issue from the application of the law of the case doctrine.  Therefore, the trial court could properly reconsider the admissibility of the other acts evidence.  [*People v Ferris*, unpublished opinion per curium of the Court of Appeals, issued February 28, 2006 (Docket No. 256439), slip op p 8.]

The flaws in this reasoning are glaring.  First, a mere "clarification" of existing law has never been held sufficient to disregard the law of the case.  *Sabin* did not overrule *VanderVliet*.  Far from it, *Sabin* relied and built on that decision.  *Sabin* is merely an extension of *VanderVliet*.  If a clarification of the law constitutes sufficient grounds to disregard the law of the case doctrine, then that well-accepted doctrine is rendered a shadow of its former self.

Second, and most importantly, the second Court of Appeals panel failed to address the first panel's ruling regarding MRE 403.  The first panel specifically found that the evidence was inadmissible under MRE 403 regardless of whether it was admissible under MRE 404(b).  The second panel paid no attention to this ruling.  In fact, it failed even to discuss the law of the case as it related to MRE 403.  *Sabin* assuredly did not change MRE 403.  The law on this evidentiary rule remained the same.  This fact mandates that the law of the case doctrine be followed.  *Lopatin*, 462 Mich 259-260.

Chief Justice Taylor claims that the lower courts' disregard for the law of the case doctrine was harmless.  I cannot agree.  The only other evidence against defendant was circumstantial at best and far from substantial.  Adding to this is the fact that the inadmissible prior-bad-acts evidence was overwhelmingly distracting.  It must be remembered that the first Court of Appeals panel found that the admission of that evidence created *substantial* prejudice.  This Court has now inexplicably transformed this substantial prejudice into harmless error.

Moreover, it is not clear that a harmless error analysis should be applied to an issue governed by the law of the case.  This Court has specifically stated that the law of the case doctrine removes the jurisdiction of the lower courts to readdress the issue.  *Johnson*, 430 Mich 53.  Hence, in this case, if the trial court and the Court of Appeals both lacked jurisdiction to allow the admission of the evidence, its admission is arguably

structural error. Structural errors require automatic reversal and cannot be subjected to a harmless error analysis. *People v Duncan*, 462 Mich 47, 51 (2000). But I would note that some courts have applied a harmless error analysis to a law of the case issue. See *United States v Jiminez-Lopez*, 437 F2d 791 (CA 9, 1971), and *State v Bradford*, ___Ohio App 3d ___; 2005 WL 1009821 (2005), lv pending 106 Ohio St 3d 1532 (2006). The uncertainty about whether a harmless error analysis may be applied to failures to follow the law of the case is yet another reason for this Court to grant leave to appeal.

In its silence, the majority of this Court condones the error of the second Court of Appeals panel. I call on it to explain what justifies ignoring the law of the case in this matter. Two significant legal questions exist: (1) what degree of change in the law suffices to permit disregarding the law of the case doctrine and (2) can a failure to apply the doctrine be a harmless error. This Court should grant leave to address these problems. I must dissent from the majority's decision not to do so.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 13, 2006

Clerk

t1010