PEOPLE v ROGERS

Docket No. 67548. Decided March 1, 1982. On application by the people for leave to appeal the Supreme Court, in lieu of granting leave to appeal, affirmed the judgment of the Court of Appeals.

Jimmy Rogers, III, was convicted on his plea of guilty in Recorder's Court of Detroit, Harvey F. Tennen, J., of second-degree murder and possession of a firearm during the commission of a felony. The Court of Appeals, Bashara, P.J., and N. J. Kaufman and Banks, JJ., reversed the defendant's convictions in an unpublished per curiam opinion on the ground that the trial court did not advise the defendant that he could not be placed on probation on a conviction of murder (Docket No. 51698). The people apply for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

Whether a particular departure from the requirements of the General Court Rules on guilty-plea proceedings justifies or requires reversal for additional proceedings depends on the nature of the noncompliance. It is important that the defendant be advised of the possible sentence consequences before pleading guilty of an offense, and to emphasize that importance the Court imposed the sanction of reversal of the defendant's convictions for failure of the trial court, prior to accepting the defendant's plea, to give the advice required by the court rules, that for the offenses of murder, armed robbery, and treason, he cannot be placed on probation.

Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Rene A. Cooper* for defendant.

Per Curiam. The guilty-plea procedure requires that:

"Speaking directly to the defendant, the court shall tell him:

\* \* \*

"(f) if the plea is to murder, armed robbery or treason, he cannot be placed on probation". GCR 1963, 785.7(1).

The question in this case is whether it is reversible error for the plea-taking judge to have failed to advise the defendant that probation was unavailable, as Rule 785.7(1)(f) requires.

## I

The defendant was charged with first-degree murder[1] and possession of a firearm during the commission of a felony.[2] He pled guilty to the felony-firearm count and of second-degree murder.[3] The judge advised the defendant that second-degree murder was punishable by a maximum of life imprisonment, but he did not tell the defendant that he could not be placed on probation.

In an unpublished per curiam opinion issued June 9, 1981, the Court of Appeals set aside both of the defendant's guilty pleas because of the judge's failure to give the advice required by Rule 785.7(1)(f). The prosecutor has pursued an appeal to this Court from that decision.

## II

*Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132

[1] MCL 750.316; MSA 28.548.

[2] MCL 750.227b; MSA 28.424(2).

[3] MCL 750.317; MSA 28.549.

(1975), does not answer the question posed here. The rule then being interpreted did not include a provision comparable to Rule 785.7(1)(f). As to sentence consequences, we said:

"The rule does not require the judge to inform the defendant of all sentence consequences—only the maximum sentence, any mandatory minimum and, as appears below, if he is on probation or parole, the possible effect on his status as a probationer or parolee.

"The rule reflects the extent to which this Court is willing to impose on the judge the obligation of informing the defendant of such consequences. A failure to impart the information so required by this subsection (b) will continue to require reversal." 395 Mich 118.

In the appeal of *Hord* (p 118), the failure to advise a defendant who had pled guilty to a charge of armed robbery that he could not be placed on probation was specifically raised, and we affirmed Hord's conviction. In *Guilty Plea Cases,* however, we adopted a new Rule 785.7 which for the first time required in subsection (1)(f) advice on the unavailability of probation in certain cases: "The attention of the bench and bar is directed to the addition of new subsection (1)(c) and (1)(f) and new subdivisions (4) and (5)." 395 Mich 137. We also said:

"Noncompliance with a requirement of Rule 785.7 may but does not necessarily require reversal.

"Whether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance."

Since then, the Court of Appeals has reached conflicting positions on whether noncompliance

with Rule 785.7(1)(f) requires reversal.[4] We have insisted on strict compliance with two other subsections on sentence consequences, Rule 785.7(1), subds (b) and (d). *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981). The requirements of Rule 785.7 as to advice on sentence consequences represents our judgment that it is important that the defendant be advised of these sentence consequences before pleading guilty of an offense. We underscored this importance in *Jones* by imposing the sanction of reversal for noncompliance with (1)(b) and (1)(d); we believe (1)(f) is of the same stature and adopt the same sanction for noncompliance.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we affirm the Court of Appeals judgment.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

[4] Compare *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977); *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979); and *People v Sylvester,* 103 Mich App 499; 303 NW2d 230 (1981), with *People v Thalacker,* 99 Mich App 372; 297 NW2d 670 (1980).