PEOPLE v HISTER

Docket No. 56595. Submitted May 17, 1982, at Detroit.—Decided
    September 24, 1982.

   Michael Hister was convicted, on his plea of guilty, of second-
   degree murder, Wayne Circuit Court, Richard D. Dunn, J.
   Defendant appeals. *Held:*

      1. The failure of the trial court to inform the defendant that
   the charge to which he was pleading guilty is a nonprobationa-
   ble offense mandates reversal of his conviction.

      2. Defendant's allegations concerning the decision of the
   probate court to waive jurisdiction over him are not properly
   before the Court of Appeals.

   Reversed and remanded.

1. Criminal Law — Guilty Pleas — Nonprobationable Offenses.

   Failure of a trial court to inform a defendant who is pleading
   guilty that the charge to which he is pleading is one for which
   he may not receive a sentence of probation mandates reversal
   of the defendant's conviction.

2. Criminal Law — Juveniles — Appeal — Waiver of Probate
   Jurisdiction.

   A juvenile over whom a probate court has waived jurisdiction in
   a criminal matter must first seek review of the waiver decision
   in circuit court before the propriety of the waiver decision may
   be considered by the Court of Appeals; appeal to the Court of
   Appeals of a probate court order waiving jurisdiction over a
   juvenile is by application for leave, not as a matter of right
   (MCL 600.863; MSA 27A.863).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Andrea L. Solak,* Assistant
Prosecuting Attorney, for the people.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 477.
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children § 21.

State Appellate Defender (by *Chari K. Grove),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. Defendant was convicted of second-degree murder in violation of MCL 750.317; MSA 28.549, following his guilty plea. He was sentenced to serve a term of from 20 to 30 years in prison. He appeals his conviction as of right.

At the plea-taking proceeding, the court failed to inform defendant that the charge to which he was pleading is a nonprobationable offense. *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), mandates reversal of defendant's conviction. Since, on remand, the prosecutor will be unable to reinstate the original charge of first-degree murder, *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), we find it unnecessary to address defendant's claim concerning the examining magistrate's decision to bind defendant over on that charge.

The remaining issue raised by defendant relates to the decision of the probate court to waive jurisdiction over defendant, who was 16 at the time of the event, pursuant to MCL 712A.4; MSA 27.3178(598.4). It appears that, following the waiver hearing, defendant appealed that decision to the Wayne County Circuit Court in a separate proceeding as required by MCL 600.863; MSA 27A.863; PCR 801. The circuit court affirmed the decision of the probate court by order entered May 2, 1979. Defendant did not seek leave to appeal that decision as required by statute. See *People v Billington,* 116 Mich App 220; 323 NW2d 343 (1982). Therefore, the issue is not properly before this Court.

Reversed and remanded.

---

* Circuit judge, sitting on the Court of Appeals by assignment.