PEOPLE v TUCKER

Docket No. 63050. Submitted November 10, 1982, at Detroit.—Decided December 21, 1982. Leave to appeal applied for.

Stanley E. Tucker pled guilty in Detroit Recorder's Court to two counts of armed robbery and one count of felony-firearm and was sentenced, Clarence Laster, Jr., J. Defendant appeals. *Held:*

The record contains no indication that defendant was advised that armed robbery is a nonprobationable offense. Failure of a plea-taking judge to advise a defendant that he cannot be placed on probation if he pleads guilty to armed robbery requires automatic reversal of the defendant's conviction.

Reversed.

D. F. WALSH, J., concurred but wrote separately to urge the Supreme Court to re-examine the policy considerations underlying its decision to require automatic reversal in a case such as this. He would prefer to impose the sanction of automatic reversal only to correct a most serious problem affecting the criminal justice system, one which could not be resolved fairly and effectively in any other way. The defendant in this case was fully aware at the time he pled guilty that he would not be placed on probation. If not required to reverse by the Supreme Court's mandate, he would affirm defendant's conviction.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — ARMED ROBBERY — COURT RULES.

A defendant pleading guilty to armed robbery must be informed by the trial judge that he cannot be placed on probation; failure to do so prior to accepting the plea results in automatic reversal of the defendant's conviction (GCR 1963, 785.7[1][f]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 472, 475.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 5 Am Jur 2d, Appeal and Error §§ 948, 952, 955.

[3] 5 Am Jur 2d, Appeal and Error §§ 704, 780.

CONCURRENCE BY D. F. WALSH, J.

2. APPEAL — CRIMINAL LAW — AUTOMATIC REVERSAL.

The sanction of automatic reversal of a defendant's conviction should be imposed, if ever, only to correct a most serious problem affecting the criminal justice system, one which cannot be resolved fairly and effectively in any other way.

3. APPEAL — CRIMINAL LAW.

Appellate courts should not reverse a conviction unless an error occurred which was prejudicial to the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. Defendant, Stanley Earl Tucker, was convicted, on his pleas of guilty, of two counts of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). Pursuant to an agreement reached during plea negotiations, he was sentenced to concurrent prison terms of five to ten years on the armed robbery convictions and to the mandatory two-year consecutive term on the felony-firearm conviction.

The record contains no indication that defendant was advised that armed robbery is a nonprobationable offense. On the authority of *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), we reverse defendant's convictions for this failure of the plea-

taking judge to comply with GCR 1963, 785.7(1)(f).[1] Even the existence of a sentence bargain in this case does not render inapplicable the Supreme Court's imposition of the sanction of automatic reversal for failure of the plea-taking judge to advise defendant that he could not be placed on probation. *People v Greene,* 414 Mich 896 (1982), *rev'g* 116 Mich App 205; 323 NW2d 337 (1982).[2]

Reversed.

D. F. Walsh, J. *(concurring).* I concur with the majority that this conviction must be set aside. I write separately to urge the Supreme Court to re-examine the policy considerations underlying its decision in *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982). The Court has imposed the sanction of automatic reversal for failure to follow GCR 1963, 785.7(1)(f) even absent any demonstration of prejudice to the defendant. In my judgment, imposition of this sanction would be appropriate, if ever, only to correct a most serious problem affecting the criminal justice system, a problem which could not be resolved fairly and effectively in any other way. I am not persuaded that the extremely remote possibility that a murderer or armed robber may plead guilty under the mistaken belief that he or she will be placed on probation is a problem requiring such a drastic

---

[1] See, also, *People v Crawford,* 115 Mich App 516, 518; 321 NW2d 717 (1982), where this Court described the *Rogers* holding:

"The Court then held that noncompliance with subsection (f) requires reversal *and apparently always has."* (Emphasis supplied.)

[2] Because defendant was present when, apparently addressing the codefendant, the court stated that, "[A]rmed robbery is a felony punishable by a maximum term of life or any number of years," we are not persuaded that there was fatal noncompliance with GCR 1963, 785.7(1), subds (b) and (d). It is clear that defendant's pleas were understandingly made. Compare *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981). Also, see *People v Taylor,* 112 Mich App 94; 315 NW2d 202 (1981).

and inflexible remedy. The voluntariness and understanding nature of such pleas can be insured adequately by appellate consideration of each case on its own merits to determine if prejudicial error occurred. As the Supreme Court stated in *People v Robinson,* 386 Mich 551, 562; 194 NW2d 709 (1972):

"[A]ppellate courts should not reverse a conviction unless the error was prejudicial."

In this case, defendant does not even claim that he was prejudiced, and the record conclusively establishes that his pleas were made in an understanding, voluntary, and accurate manner. He was fully aware that he would not be placed on probation. Were it not for the mandate of *People v Rogers, supra,* therefore, I would affirm.