PEOPLE v McKENDRICK

Docket No. 59610. Submitted August 18, 1982, at Detroit.—Decided January 7, 1983.

David McKendrick pled guilty in Wayne Circuit Court to a charge of second-degree murder and was sentenced, Richard D. Dunn, J. Defendant appeals. *Held:*

1. Reversal is required because the trial court failed to inform defendant at the plea-taking proceeding that he could not be placed on probation.

2. The trial judge erred in imposing as a condition precedent to defendant's becoming eligible for parole that, first, physicians be satisfied that defendant is no longer mentally ill and, second, the judge or his successor give their permission for defendant to be paroled. The granting or denying of parole is for the parole board to decide. The condition imposed here infringes upon the parole board's discretion.

Reversed and remanded.

1. CRIMINAL LAW — PLEADING — COURT RULES.

A defendant pleading guilty to second-degree murder must be informed that he cannot be placed on probation; failure to do so prior to accepting the plea is reversible error (GCR 1963, 785.7[1][f]).

2. JUDGES — CRIMINAL LAW — SENTENCING.

A judge has only those sentencing powers conferred by statute.

3. CRIMINAL LAW — PAROLE — INDETERMINATE SENTENCES.

The power to grant or deny parole is vested in the parole board (MCL 791.234, subds [4], [5]; MSA 28.2304, subds [4], [5]).

4. CRIMINAL LAW — PAROLE — SENTENCING JUDGES.

Parole may not be granted by the parole board in certain circum-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 477.
[2] 21 Am Jur 2d, Criminal Law § 527.
[3] 21 Am Jur 2d, Criminal Law § 606.
[3, 4] 59 Am Jur 2d, Pardon and Parole § 82.

stances if the sentencing judge or his successor objects (MCL 791.234[4]; MSA 28.2304[4]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *R. Steven Whalen),* for defendant on appeal.

Before: BRONSON, P.J., and MACKENZIE and K. N. SANBORN,* JJ.

PER CURIAM. Defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549. Defendant was sentenced to imprisonment for 20 to 40 years and appeals by right.

Reversal is required because the court failed to inform defendant at the plea-taking proceeding that he could not be placed on probation. GCR 1963, 785.7(1)(f); *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982). This error was not cured when the court later informed defendant at sentencing that he could not be placed on probation. The error was not cured because defendant's plea had already been accepted at that time, because the court mistakenly told defendant that he had been given this information at the plea-taking proceeding, and because the court did not offer defendant an opportunity to withdraw his plea. The prosecution contends that *Rogers* should not be applied retroactively to this case, but that position appears untenable in view of the numerous instances in which the Supreme Court has applied *Rogers* to reverse cases which arose before

* Circuit judge, sitting on the Court of Appeals by assignment.

*Rogers* was decided. See *People v Willie Johnson,* 413 Mich 898; 319 NW2d 1 (1982); *People v Crousore,* 413 Mich 898; 319 NW2d 1 (1982); *People v Sylvester,* 413 Mich 899; 319 NW2d 2 (1982); *People v Young,* 413 Mich 900; 319 NW2d 537 (1982); *People v McGee,* 413 Mich 928 (1982); *People v Bomers,* 413 Mich 928 (1982); *People v Crigler,* 413 Mich 931 (1982); *People v Roy Clay,* 413 Mich 932 (1982), and *People v Lloyd,* 413 Mich 932 (1982).

To prevent the issue from arising on remand, we will briefly deal with another issue raised by defendant. At sentencing, the judge stated:

"I think the order of sentence should also contain a provision that you are not to be granted any parole until such time as the physicians are satisfied that you no longer have a mental illness. And it will require the permission of either myself or my successor."

The order of sentence contained the provision specified by the judge.

A judge has only those sentencing powers conferred by statute. *People v Neil,* 99 Mich App 677, 680-681; 299 NW2d 23 (1980). No statute gives the sentencing judge the power to impose such a condition as that imposed here. Under the indeterminate sentencing law, the power to grant or deny parole is vested in the parole board. *People v Burton,* 396 Mich 238, 243; 240 NW2d 239 (1976). The condition imposed here infringes upon the parole board's jurisdiction. While in some circumstances parole may not be granted if the sentencing judge or his successor objects, MCL 791.234(4); MSA 28.2304(4), we hold that the judge's discretion in that regard must be exercised at the time the question of parole arises and in light of the circumstances then presented.

Reversed and remanded.