PEOPLE v JACKSON

Docket No. 70753. Decided April 25, 1983. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and reinstated the defendant's convictions.

Andrew Jackson pled guilty in the Recorder's Court of Detroit, Dalton A. Roberson, J., to charges of armed robbery and possession of a firearm during the commission of a felony in exchange for dismissal of a charge of first-degree murder and an agreement regarding the length of the sentences to be imposed. The sentences imposed were within the terms of the agreement. The Court of Appeals, in an unpublished opinion per curiam, Bronson, P.J., Beasley, J., concurring in the result only, and Cynar, J., dissenting, set aside the convictions because the defendant had not been informed that he could not be placed on probation for the conviction of armed robbery and had not been informed of the mandatory minimum sentence for the felony-firearm conviction (Docket No. 60261). The people apply for leave to appeal.

In an opinion per curiam signed by Chief Justice Williams and Justices Kavanagh, Levin, Ryan, Brickley, and Cavanagh, the Supreme Court *held:*

Failure to advise a defendant who pleads guilty of an offense that upon conviction he would not be eligible for probation or to advise him of the maximum and minimum sentences which could be imposed is not reversible error per se where the defendant has entered his plea in exchange for a sentence bargain and the sentence imposed is in accordance with the bargain.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

PER CURIAM. This appeal brought by the prose-

cutor concerns this Court's decisions in *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), and *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981).

I

The defendant was initially charged with first-degree murder, armed robbery, and possession of a firearm during the commission of a felony. He was tried by a jury and convicted as charged in 1978. However, the Court of Appeals awarded him a new trial. 100 Mich App 146; 298 NW2d 694 (1980). When the matter was remanded for a new trial, the defendant ultimately entered into a plea bargain whereby he pled guilty to charges of armed robbery and possession of a firearm during the commission of a felony in return for dismissal of the first-degree murder charge and a sentence bargain of 8 to 15 years on the armed robbery conviction to follow the 2 years to be served for the felony-firearm conviction. However, the actual sentence which was imposed was 6 to 15 years for the armed robbery conviction to follow the mandatory 2-year term for felony-firearm.

The defendant appealed his plea-based convictions to the Court of Appeals. In an unpublished per curiam opinion, the Court of Appeals set aside the defendant's convictions of armed robbery and felony-firearm. The rationale for doing so was the fact that in conjunction with the plea of guilty to the charge of armed robbery the defendant had not been informed that he could not be placed on probation for that offense. *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982). The rationale for setting aside the defendant's conviction of felony-firearm was that he was not informed of the mandatory minimum sentence for that offense.

The Court of Appeals cited our decision in *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), as authority for this action. Judge CYNAR dissented.

## II

In *People v Rogers,* the defendant, charged with first-degree murder and possession of a firearm during the commission of a felony, pled guilty pursuant to a plea bargain to charges of second-degree murder and felony-firearm. The judge advised the defendant that second-degree murder was punishable by life imprisonment, but did not tell him that he could not be placed on probation.

This Court's opinion in *Rogers* does not indicate the sentence imposed on Rogers. Rogers was, however, sentenced in accordance with a sentence bargain. This Court nevertheless reversed Rogers' conviction because of the failure to advise him that he could not be placed on probation.

*Rogers* was predicated on *People v Jones,*[1] where this Court held that it was reversible error to fail to advise of the maximum and minimum sentences even though there had been sentence bargaining in *Jones* and the companion *Grant* cases.

---

[1] In *Jones,* this Court reversed Jones's conviction of armed robbery because he had not been informed of the maximum sentence and the Grants' convictions because they had not been informed of the maximum sentence for armed robbery or of the mandatory two-year sentence for felony-firearm. In *Jones,* the judge advised the defendant that he would impose a maximum sentence not to exceed 10 to 15 years and might sentence to a lesser minimum. In the companion *Grant* cases, the judge told each of the Grants that the sentence would be 13 to 15 years on the underlying felony and an additional 2 years on the felony-firearm conviction.

This Court relied on *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), and *People v Beaty,* 72 Mich App 159; 249 NW2d 337 (1976), in reversing in *Jones.* In *Beaty,* the Court of Appeals held that a failure to inform the defendant of the maximum sentence at the time of plea taking was not reversible error. Judge THOMAS M. BURNS dissented, and this Court reversed for the reasons stated in Judge BURNS's dissent, 400 Mich 813.

We are now of the opinion that a failure to advise a defendant pleading guilty that an offense is not probationable or of the maximum and minimum sentences which could be imposed should not be regarded as reversible error per se where there is a sentence bargain and the defendant has been sentenced in accordance with the bargain.

In *Guilty Plea Cases,* 395 Mich 96, 113, 118; 235 NW2d 132 (1975), this Court said: "Whether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance." The Court also said that a failure to advise of the maximum and of any mandatory minimum sentence would "continue to require reversal". This Court also adopted a new Rule 785.7 which, for the first time, required in subsection (1)(f) advice on the unavailability of probation in certain cases. This Court added:

"Noncompliance with a requirement of Rule 785.7 *may but does not necessarily require* reversal.

"Whether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings *will depend on the nature of the noncompliance."* (Emphasis supplied.)

Where there is a sentence bargain, it is not within the spirit of *Guilty Plea Cases,* which makes the question of reversal "depend on the nature of the noncompliance", to reverse—although the defendant knows what sentence, or the range of the sentence, he will receive and is sentenced in accordance with the sentence bargain—because he has not been informed by the judge concerning a higher maximum sentence, that an agreed-upon sentence was mandatorily required or that the offense was not probationable.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and reinstate the defendant's convictions of armed robbery and felony-firearm.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, and CAVANAGH, JJ., concurred.

BOYLE, J., took no part in the decision of this case.