PEOPLE v HARRIS

Docket No. 64894. Submitted March 10, 1983, at Lansing.—Decided
June 7, 1983. Leave to appeal applied for.

Robert C. Harris was convicted, on his pleas of guilty, of armed
robbery and assault with intent to do great bodily harm less
than murder, Oakland Circuit Court, Steven N. Andrews, J.
The defendant appealed alleging that: (1) his robbery conviction
should be reversed because the judge failed to inform him that
he could not receive probation for that offense, (2) his pleas
were not voluntary and freely made, (3) his attorney misled
him regarding a maximum sentence, and (4) he was denied the
effective assistance of counsel. *Held:*

1. Because the defendant knew that he would be sentenced to
prison if he pled guilty to the armed robbery charge no error
requiring reversal resulted from the court's failure to inform
the defendant that he could not receive probation if he pled
guilty.

2. The defendant's claim that his pleas were not voluntary
and freely made was not supported by the record. His plea
appeared voluntary and freely made.

3. The defendant's claim that his attorney misled him about
a bargained-for maximum sentence was contradicted by the in-
court discussion regarding the extent of the promises made to
the defendant.

4. The defendant was not denied the effective assistance of
counsel. The defendant failed to show that his attorney did not
perform at least as well as a lawyer with ordinary training and
skill in the criminal law and did not conscientiously protect his
client's interests, undeflected by conflicting considerations.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 472 *et seq.*

Court's duty to advise or admonish accused as to consequences of
plea of guilty or to determine that he is advised thereof. 97
ALR2d 549.

[2] 21A Am Jur 2d, Criminal Law §§ 748, 752.

Adequacy of defense counsel's representation of criminal client
regarding plea bargaining. 8 ALR4th 660.

1. Criminal Law — Guilty Pleas — Sentencing.

> A trial judge's failure to advise a defendant who is pleading guilty that the offense is not probationable or of the maximum and minimum sentences which could be imposed should not be regarded as error requiring reversal per se where the defendant knew that he was going to be sentenced to prison if he pled guilty.

2. Criminal Law — Assistance of Counsel — Standard.

> The standard to determine whether a defendant had effective assistance of counsel in a criminal case is that defense counsel must peform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Defebaugh & Kantz, P.C.* (by *James E. Defebaugh),* for defendant on appeal.

Before: M. J. Kelly, P.J., and Gribbs and R. L. Tahvonen,* JJ.

Gribbs, J. The defendant, Robert Court Harris, pled guilty to armed robbery, MCL 750.529; MSA 28.797, and assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. He was sentenced to consecutive terms of 15 to 50 years imprisonment for the robbery and 6 to 10 years for the assault. The defendant appeals by right. We affirm.

In his first issue the defendant argues that his robbery conviction should be reversed because the judge failed to inform him that he could not receive probation for this offense. Under GCR 1963, 785.7(1), the court must inform the defen-

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

dant that he cannot be placed on probation for murder, armed robbery or treason. In *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), the Michigan Supreme Court held that failure to give the advice mandated by the court rule was reversible error per se. 412 Mich 672. If we were to apply *Rogers,* we would reverse the defendant's armed robbery conviction. We decline to apply *Rogers,* though.

On April 25, 1983, the Michigan Supreme Court re-examined the *Rogers* rule in *People v Jackson,* 417 Mich 243; 334 NW2d 371 (1983). In *Jackson,* the defendant pled guilty and was sentenced in accordance with a sentence bargain. The Supreme Court held that the failure to advise Jackson of the mandatory minimum sentence, GCR 1963, 785.7(1)(d), and noneligibility for probation did not amount to reversible error per se:

"We are now of the opinion that a failure to advise a defendant pleading guilty that an offense is not probationable or of the maximum and minimum sentences which could be imposed should not be regarded as reversible error per se where there is a sentence bargain and the defendant has been sentenced in accordance with the bargain." 417 Mich 246.

Although the Court never expressly stated it, it is clear that the *Jackson* opinion overrules in part *Rogers* and *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981).

Our case does not involve a strict sentence bargain in which the defendant knew his exact sentence before entering his plea. The extent of the plea bargain was outlined by the defendant's trial counsel at the plea proceeding:

"*Mr. Lumberg:* The terms of the plea bargain are as

follows, your Honor: that in return for him pleading, Mr. Harris pleading guilty as charged, that the court upon sentencing, if the court determines that a sentence of more than 15 years is necessary, that we be allowed to withdraw the plea.

"*The Court:* Is that a minimum sentence of more than 15 years?

"*Mr. Lumberg:* That is a minimum.

"*The Court:* Is that your plea bargain?

"*Mr. Butler:* That is the understanding that the people have from talking in chambers.

"*The Court:* Is that your understanding?

"*The Defendant:* Yes, sir."

The discussion does not show what sentence would be imposed, or even that *a* prison sentence would be imposed. A later remark by the judge, however, shows that the defendant knew he would receive some form of a prison term, and not probation:

"*The Court:* Do you understand that I read the predisposition investigation that was filed in this case? Do you know that?

"*The Defendant:* Yes, sir.

"*The Court:* And I told your lawyer that from reading that, and without committing myself, that I intend to send you to the state penitentiary, are you aware of that?

"*The Defendant:* Yes."

Although this case does not involve a sentence bargain, the rationale of *Jackson* applies because the defendant knew, at least in part, what his sentence would be:

"Where there is a sentence bargain, it is not within the spirit of *Guilty Plea Cases* [395 Mich 96; 235 NW2d 132 (1975)], which makes the question of reversal 'depend on the nature of the noncompliance', to reverse— although the defendant knows what sentence, or the

range of the sentence, he will receive and is sentenced in accordance with the sentence bargain—because he has not been informed by the judge concerning a higher maximum sentence, that an agreed-upon sentence was mandatorily required or that the offense was not probationable." 417 Mich 246.

Thus, because the defendant knew he was going to prison we hold that no error requiring reversal resulted from the court's failure to inform the defendant that he could not receive probation.

The defendant's three remaining claims are unsupported by the record. The plea appears voluntary and freely made. The defendant's claim that his attorney misled him about a bargained maximum sentence is contradicted by the in-court discussion of the extent of the promises made to the defendant. We also reject the defendant's claim that he was denied the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. The defendant has failed to show that his attorney did not "perform at least as well as a lawyer with ordinary training and skill in the criminal law and * * * conscientiously protect his client's interests, undeflected by conflicting considerations". *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974); *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Affirmed.