PEOPLE v WILLIAMS

Docket No. 66433. Submitted April 21, 1983, at Detroit.—Decided
    June 22, 1983. Leave to appeal applied for.

    James H. Williams was convicted on his plea of guilty in Wayne
    Circuit Court, Irwin H. Burdick, J., of second-degree murder.
    The plea was entered pursuant to an agreement by the prose-
    cutor to recommend a sentence of imprisonment of 8 to 15
    years. Defendant received the recommended sentence. Defen-
    dant appeals, asserting that his conviction must be reversed
    because of the trial court's failure to inform him at the plea
    proceeding that he could not be placed on probation. *Held:*

    1. The failure to inform a defendant prior to acceptance of
    his guilty plea that he could not be placed on probation does
    not mandate reversal where, as here, there was a bargained-for
    sentence recommendation by the prosecutor and the sentence
    imposed was within the range of the recommendation.

    2. Since an inference of intent to do great bodily harm could
    have been reasonably drawn by a jury from the facts defendant
    admitted at the plea proceeding, there was a sufficient factual
    basis for the plea.

    Affirmed.

1. CRIMINAL LAW — PLEA BARGAINS — GUILTY PLEAS — SENTENCE
    RECOMMENDATIONS.

    The failure to inform a defendant prior to acceptance of a guilty
    plea to second-degree murder that he could not be placed on
    probation does not mandate reversal where the guilty plea was
    entered pursuant to a plea-bargain agreement whereby the
    prosecutor would recommend a specified sentence of imprison-
    ment and the sentence actually imposed was within the sen-
    tence recommendation.

2. CRIMINAL LAW — GUILTY PLEAS — INFERENCES.

    A factual basis for acceptance of a plea of guilty exists if an
    inculpatory inference can reasonably be drawn by a jury from

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 477, 481-485.
[2] 21 Am Jur 2d, Criminal Law §§ 486-491.

the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Mark J. Cavanagh,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *R. Steven Whalen),* for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and MACKENZIE, JJ.

PER CURIAM. Defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549, in return for the prosecutor's agreement to recommend a sentence of imprisonment for 8 to 15 years. Defendant received the recommended sentence and appeals by right.

Defendant, relying on *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), argues that his conviction must be reversed because the circuit court failed to inform him at the plea-taking proceeding that he could not be placed on probation. However, in *People v Jackson,* 417 Mich 243; 334 NW2d 371 (1983), *Rogers,* and *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), an analogous case dealing with a failure to inform defendant of a maximum or a mandatory minimum sentence, were overruled as they applied to cases where there is a sentence bargain and the defendant has been sentenced in accordance with the bargain.

The *Jackson* opinion contains no definition of the term "sentence bargain". However, in *People v*

*Killebrew,* 416 Mich 189, 206-207; 330 NW2d 834 (1982), the Court used the term "sentence bargain" to include both sentence agreements and sentence recommendations such as that which defendant obtained here. Moreover, the reasons of policy on which *Jackson* is based apply equally to sentence agreements and sentence recommendations. A defendant who receives a sentence within the range of the sentence recommendation has suffered no prejudice through the failure to inform him of the possible sentence consequences if the recommendation were not followed. An important aspect of the *Jackson* rule is that it applies only if the defendant was sentenced in accordance with the sentence bargain. A defendant who did not receive a sentence within the range of the sentence recommendation, who was not thereby entitled to withdraw his plea under the rule stated in *Killebrew, supra,* and who was not informed of the sentence consequences at issue in *Jones* or *Rogers,* would still be entitled to reversal of his conviction. However, where, as here, defendant received a sentence within the range of the sentence recommendation, reversal is not required.

Defendant also argues that an insufficient factual basis was elicited at the plea-taking proceeding to support his plea. In *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), the Court held that a factual basis is sufficient to support a guilty plea if an inculpatory inference could be reasonably drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts that the latter is correct. Defendant focuses on the element of second-degree murder formerly referred to as "malice", which can be shown by proof of an intent to kill, an intent to do great bodily harm, or a wilful and wanton disregard by the defendant of

the likelihood that the natural tendency of his behavior is to cause death or great bodily harm. An inference of an intent to do great bodily harm could reasonably be drawn by a jury from defendant's admission that he hit his victim on the back of the head with a baseball bat.

Affirmed.