PEOPLE v HALL

PEOPLE v McKENDRICK

PEOPLE v WILTSIE

PEOPLE v CHATMAN

PEOPLE v LATTY

Docket Nos. 69054, 70498, 70739, 70975, 71467.—Decided December 19, 1983. On application for leave to appeal by the defendants in *Hall* and *Wiltsie* and by the people in *McKendrick, Chatman,* and *Latty,* the Supreme Court, in lieu of granting leave to appeal, affirmed the judgments of the Court of Appeals in *Hall* and *Wiltsie* and reversed in *McKendrick, Chatman,* and *Latty.* Rehearing denied in *Latty, post,* 1203.

David J. Hall pled guilty in the Berrien Circuit Court, William S. White, J., of second-degree murder. The Court of Appeals, Bronson, P.J., and Allen and R. M. Maher, JJ., affirmed in an opinion per curiam (Docket No. 78-2543). David McKendrick pled guilty in the Wayne Circuit Court, Richard D. Dunn, J., of second-degree murder. The Court of Appeals, Bronson, P.J., and MacKenzie and Sanborn, JJ., reversed in an unpublished opinion per curiam (Docket No. 59610). Clifford P. Wiltsie pled guilty in the Wayne Circuit Court, Charles Kaufman, J., of armed robbery. The Court of Appeals, Cynar, P.J., and V. J. Brennan and Deming, JJ., affirmed in a memorandum opinion (Docket No. 56687). Garry Chatman pled nolo contendere in the Recorder's Court of Detroit, James A. Hathaway, J., to charges of armed robbery and possession of a firearm during the commission of a felony. The Court of Appeals, T. M. Burns, P.J., and V. J. Brennan and Wahls, JJ., reversed in a memorandum opinion (Docket No. 63119). David W. Latty pled nolo contendere in the Saginaw Circuit Court, Joseph R. McDonald, J., to a charge of second-degree murder. The Court of Appeals, Danhof, C.J., and M. F. Cavanagh and D. E. Holbrook, Jr., JJ., reversed in a memorandum opinion (Docket No. 58313). The defendants in *Hall* and *Wiltsie* and the people in *McKendrick, Chatman,* and *Latty* seek leave to appeal. The common question in these cases is whether the failure of the trial courts to inform the defendants prior to accepting their pleas of guilty or nolo

contendere that they were not eligible for probation requires reversal of their convictions.

In a unanimous opinion per curiam, the Supreme Court *held:*

The failure of the trial courts in these cases to inform the defendants specifically, before accepting their pleas of guilty or nolo contendere, that they would not be eligible for probation does not require reversal of their convictions where the trial courts either sentenced the defendants in conformity with sentence recommendations or specifically informed the defendants on the record that a minimum prison sentence would be imposed so that the defendants knew or should have known that they would receive prison terms. The purpose of the court rule requiring that a defendant pleading guilty to certain charges be informed that he cannot be placed on probation is to give the defendant that information. In these cases the defendants had no reasonable expectation of probation either because they had bargained for a recommendation of a prison term or because the judge advised them that there would be a minimum prison term.

*Hall* and *Wiltsie* affirmed.

*McKendrick, Chatman,* and *Latty* reversed and the defendants' convictions reinstated.

97 Mich App 143; 293 NW2d 742 (1980) affirmed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people in *Hall.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *John A. Scavone,* Assistant Prosecuting Attorney, for the people in *McKendrick.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Mark J. Cavanagh,* Assistant Prosecuting Attorney, for the people in *Chatman.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Patrick M. Meter,* Chief Assistant Prosecuting Attorney, for the people in *Latty.*

David J. Hall *in propria persona.*

State Appellate Defender (by *R. Steven Whalen)* for defendant McKendrick.

Clifford P. Wiltsie *in propria persona.*

*Markus S. Simon* for defendant Chatman.

State Appellate Defender (by *Chari Grove)* for defendant Latty.

PER CURIAM. In these cases, the common question for decision is whether the failure of the trial courts to inform the defendants prior to accepting their pleas of guilty or nolo contendere as required by GCR 1963, 785.7(1)(f) that they were not eligible for probation requires reversal of their convictions in the circumstances of the instant cases. We conclude that reversal of these convictions is not warranted.

I

Three of the cases to be examined in this opinion evidence situations in which the prosecutor made a sentence recommendation to the trial court and the trial court sentenced the defendant in conformity with that recommendation. These cases are *People v Hall, People v McKendrick,* and *People v Wiltsie.* In *Hall,* the prosecutor agreed

with the defense to recommend a sentence of from 40 to 80 years in prison. The defendant received that sentence. In *McKendrick,* part of the plea agreement was that the prosecutor would recommend that the defendant be sentenced to 20 to 40 years in prison. The prosecutor so recommended and that was the term ultimately imposed. In *Wiltsie,* part of the plea agreement was that the prosecutor would recommend a 6- to 20-year prison term. The prosecutor so recommended and the defendant received that term.

In addition, two other cases under consideration present situations in which it is apparent that the defendant knew or should have known that he would receive a prison term and would not be receiving a probationary term because the trial court informed the defendant that there was a minimum prison sentence to be served. These cases are *People v Chatman* and *People v Latty.* In *Chatman,* the defendant, charged with armed robbery, was informed at the plea proceeding that he had to serve at least one year in jail for armed robbery. In *Latty,* the defendant pled guilty to second-degree murder, and at that time the trial court informed him that the minimum prison term he would receive would be two years in prison.

## II

In *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), we set aside a defendant's plea-based conviction of second-degree murder because of the trial court's failure to comply with the requirement of GCR 1963, 785.7(1)(f), which provides:

"Speaking directly to the defendant, the court shall tell him:

\* \* \*

"(f) if the plea is to murder, armed robbery or trea-
son, he cannot be placed on probation."

This Court set aside the conviction in *Rogers* even
though there had been a sentence bargain struck
in that case.

However, in *People v Jackson,* 417 Mich 243,
246; 334 NW2d 371 (1983), we modified our posi-
tion on this subject in the following respect:

"We are now of the opinion that a failure to advise a
defendant pleading guilty that an offense is not proba-
tionable or of the maximum and minimum sentences
which could be imposed should not be regarded as
reversible error per se where there is a sentence bar-
gain and the defendant has been sentenced in accor-
dance with the bargain."

In rendering our decision in *Rogers,* we drew upon
the "spirit of *Guilty Plea Cases,* 395 Mich 96; 235
NW2d 132 (1975), which makes the question of
reversal 'depend on the nature of the
noncompliance' ". 417 Mich 246.

## III

The question at hand is whether failure to spe-
cifically inform the defendant that he is ineligible
for probation warrants reversal of the conviction
where a sentence recommendation of a prison
term as part of a plea agreement is followed by
the sentencing court or there is an on-the-record
communication from the trial court to the defen-
dant that he must spend some time in prison. We
hold that such failure in these circumstances does
not warrant reversal.

The purpose of GCR 1963, 785.7(1)(f) is to pro-
vide a defendant who pleads guilty to one of the

crimes enumerated therein with information, to wit, that he cannot receive probation as a sentence. As noted earlier in this opinion, in *People v Jackson,* we concluded that where a defendant pleads guilty pursuant to a sentence bargain arrangement and he is sentenced in accordance with that arrangement, the failure of the trial court to impart the advice that probation is not a possibility will not affect the validity of the plea. The *ratio decidendi* there was that the bargain entered into served to inform the defendant that he was going to receive a prison sentence, the obvious negative inference of which was that probation was not a possibility. Three of the instant cases are ones in which there was not a sentence bargain, but rather a sentence recommendation which was ultimately followed by the sentencing court. Two of the cases are ones in which the trial court specifically informed the defendant that there was a minimum prison sentence to be imposed. Thus, in these cases we are satisfied that the defendants had no reasonable expectation that they might receive a probationary sentence. In fact, just the opposite is true. In the sentence recommendation cases, an agreement was reached just as surely as in sentence bargain cases. The defendant "bargained" for a sentence recommendation which he felt to be of a more favorable nature than one which might be imposed without a sentence recommendation. In the cases involving the rendition of advice to the effect that the defendant had to spend a minimum term in prison, it is clear that the corollary of such advice was that the defendant was not going to receive a probationary term. Thus, in these cases it may be said that the defendants either knew or should have known on the basis of the circumstances extant that they would receive prison terms. Accordingly, to reverse

these convictions because of the failure to render advice concerning the unavailability of probation would indeed be to exalt form over substance contrary to the spirit of *Guilty Plea Cases.*

In *Hall* and *Wiltsie,* the Court of Appeals affirmed the convictions. In *McKendrick, Chatman,* and *Latty,* the Court of Appeals reversed the convictions. For the aforesaid reasons, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals in *McKendrick, Chatman,* and *Latty,* and reinstate those defendants' convictions, and we affirm the judgments of the Court of Appeals in *Hall* and in *Wiltsie.* In all other respects, the applications for leave to appeal in these cases are denied.

CAVANAGH, J., not participating as to *Latty.*

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.